THE MARIETTA AND CINCINNATI R. R. CO. *v.* STRADER & CO.

1. Where, on error, a party relies simply on a misdirection to the jury as a ground for the reversal of the judgment of the court below, his exception must be taken as required in article 5, title 9, of the code. *Kline* v. *Winne,* 10 Ohio St. 223; *Adams* v. *The State,* 25 Ohio St. 584.

2. But where the ground of error is the refusal of the court to grant a new trial, in a case where the verdict is alleged to be against the law or evidence, and a bill of exceptions is taken under the act of April 12, 1858 (S. & C. 1155), which embodies the charge of the court as well as all the evidence, the court, in determining whether a new trial ought to have been granted, will look to the charge, in connection with the evidence, with a view of determining, under all the facts and circumstances of the case, whether substantial justice has been done, or a new trial ought to be granted.

ERROR to the Superior Court of Cincinnati.

The original action was bought by the defendant in error, Strader & Co., against the plaintiff in error, to recover damages caused by the alleged negligence of the servants of plaintiff in error in operating one of its railroad trains in crossing a public highway.

The trial resulted in a verdict for the plaintiff in error, the defendant below.

A motion for a new trial having been overruled, a bill of exceptions was taken, embodying all the evidence and the charge of the court in full.

At the close of the general charge, a general exception only was taken.

Judgment was rendered by the court at special term on the verdict.

On error, the court in general term found that there was no error in overruling the motion of the plaintiffs for a new trial, upon the ground that the verdict was contrary to the evidence; but that the exception taken was sufficient to bring the whole charge under review, and the court being of opinion that some expressions in it were calculated to mislead the jury, reversed the judgment on that ground alone.

To reverse their judgment of reversal, leave was obtained to file the present petition in error.

*Hoadly & Johnson,* for plaintiff in error:

We claim: 1. That so much of the bill of exceptions as relates to the alleged error in the charge of the court to the jury must be disregarded, because the bill of exceptions was not actually taken at the trial term. *Kline & Berry* v. *Wynne, Haines & Co.,* 10 Ohio St. 223.

2. That the charge of the court was not calculated to mislead the jury. The charge was a fair and correct statement of the law. If the plaintiff's driver by his own neglect contributed to the injury, there can be no recovery. It is immaterial how slight the negligence was, so long as it was contributory; for the law does not pretend to weigh and measure the various degrees or amount of negligence as between parties which will either allow or defeat a recovery. 3 Ohio St. 172, 188; 17 Wis. 428, 488; 101 Mass. 455; 25 Ind. 185; 28 Ind. 287; *Pendleton St. R. R. Co.* v. *Stallman,* 22 Ohio St. 1, 21; *Dyke* v. *Erie R. R. Co.,* 45 N. Y. 113; *C. C. C. R. R. Co.* v. *Terry,* 8 Ohio St. 579.

3. That defendant in error can not by a general exception derive any benefit therefrom, unless the entire charge of the court as a whole was calculated to mislead the jury. If the charge is objectionable in any specific proposition, counsel should be required to point it out, in order that it may be corrected then and there. *Carver* v. *Jackson*, 4 Pet. 80, 81; *Ex parte Crane*, 5 Pet. 190, 198; *Haggart* v. *Morgan*, 5 N. Y. 422, 427; *Hart* v. *R. & S. R. R. Co.*, 8 N. Y. 37, 43; *Hunt* v. *Maybe*, 7 N. Y. 273.

*King, Thompson & Longworth*, for defendant in error:

I. It is claimed, in the first place, that so much of the bill of exceptions as relates to the alleged error in the charge of the court to the jury should have been disregarded, because the bill of exceptions was not actually taken at the trial term.

To obviate the inconvenience resulting from the rule, that "the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term," (Code, sec. 291), it has been a common custom for parties and judges to consent to the preparation and signing of bills of exceptions after the proper term has gone by; but making them and the record show that they were perfected during such term. Whether or no there is any power in courts to do this may be a question; yet it is certain that, when once done, the record can not be disputed in a proceeding in error. *Irvine* v. *Brown*, 6 Ohio St. 12.

II. The charge we regard as fatally erroneous. The jury, after being instructed that the standard of ordinary care depends on the circumstances of the particular case, are told that in "such cases" as the present, "negligence, however slight," and again, "any negligence whatever," *is* want of ordinary care. Then follows the reason, viz., that "*in such cases the law will not measure the degrees of negligence.*"

Now, it is true that, as between the parties, the law will not measue the degrees of negligence, or say that, the negligence of the defendant being greater than that of the

Marietta & Cincinnati R. R. Co. *v.* Strader & Co.

plaintiff, an action can be maintained, or *vice versa;* nor will it attempt, in any case, to determine the *amount* of negligence requisite to constitute want of ordinary care, this being a question depending on the facts of the case; but we submit that the measurement of the degree of negligence on the part of each party is, in such cases as the present, the principal task of both court and jury. Should it be found that the plaintiff has·exercised *ordinary care,* even though some *slight negligence* (the want of the *summa diligentia*) be discovered on his part, yet is his recovery not barred? Otherwise, the statement is false that each party is only bound to exercise such care as ought to be expected from an ordinarily prudent man under the circumstances, a doctrine we find laid down in almost every case which treats of the subject. Shearman & Redfield on Negligence, sec. 89: Addison on Torts, 19; Saund. Neg. 61, 62; *Tuff* v. *Warman,* 2 Com. B. (N. S.) 740; 27 L. J. C. P. 322; *B. & O. R. R.* v. *Fitzpatrick,* 35 Md.

III. In Ohio, courts have always been led to reverse judgments where the charge has beeen calculated to mislead the jury, upon a general exception only. *Washington, etc., Ins. Co.* v. *Merchants, etc., Ins. Co.,* 5 Ohio St. 450; *Nye, Benner & Co.* v. *Denny,* 18 Ohio St. 254; *L. M. R. R. Co.* v. *Wetmore,* 19 Ohio St. 111; *Mowry* v. *Kirk,* 19 Ohio St. 383; *Schneider* v. *Hosier,* 21 Ohio St. 98; *Mulford* v. *Clewell,* Ib. 191.

By THE COURT. Numerous special instructions were given to the jury at the instance of the parties; but of none of them can the plaintiffs in error complain.

Where a party relies simply on a misdirection to the jury as a ground of reversal, his exception must be taken as required in article 5, title 9, of the code. And where the exception is to the general charge, the parts excepted to ought to be specifically pointed out at the time the exception is taken. *Kline* v. *Wynne,* 10 Ohio St. 223; *Adams* v. *The State,* 25 Ohio St. 584.

But where the ground of error is the refusal of the court

to grant a new trial, in a case where the verdict is alleged to be against the law or evidence, and a bill of exceptions is taken under the act of April 12, 1858 (S. & C. 1155), embodying the charge as well as all the evidence, the court, in determining whether a new trial ought to have been granted, will look to the charge in connection with the evidence, whether it was excepted to or not, with a view of determining, under all the facts and circumstances of the case, whether substantial justice has been done, or a new trial ought to be granted. *Kline* v. *Wynne*, supra; *Mowry* v. *Kirk*, 19 Ohio St. 384.

Hence, it has been held that a new trial ought to be granted where, from a consideration of the whole evidence in connection with the charge, it is reasonable to suppose the jury may have been mislead by the charge, and that a different verdict would have been rendered if the jury had been properly instructed. *Little Miami Railroad Co.* v. *Wetmore*, 19 Ohio St. 110; *M. & C. Railroad Co.* v. *Picksley*, 24 Ohio St. 654.

The case was before the court in general term, under the act of April 12, 1858; and the question was, whether upon the whole case the court below erred in refusing a new trial.

After examining the whole record, we are of opinion that it did not, and that the court in general term erred in reversing the judgment.

Judgment of court in general term reversed, and that of the court in special term affirmed.