Ashburn, J.
The material errors assigned all rest upon the question whether the trial court erred in the admission of testimony to the jury, over the objection thereto-of defendant below. If, from the state of the record, that question can not be considered, the other errors assigned can avail nothing.
In cases where the ground of error is that the verdict is against the law and the evidence, and the bill of exceptions, taken on overruling a motion for a hew trial, contains all the evidence, and the entire charge of the court, a reviewing court will look to the whole case, thus made, with a view of determining whether, upon a ionsideration of all the evidence and law of the case, a new trial ought to have been granted, in order to do substantial justice. M. § C. R. R. Co. v. Strader & Co., 29 Ohio St. 448.
Such is not the state of the case on this record. The bill of exceptions taken- on overruling the motion for a new trial, is the only one in the- case. ■ It professedly does not contain all the testimony offered on the trial, nor the entire-charge of the.court, and, for this reason, a reviewing *261 court would not be authorized in holding that the lower court erred in overruling the motion for a new trial.
Where it clearly appears from the record, by means of some process known to the law, that the trial court has erred, to the prejudice of plaintiff' in error, in the admission or rejection of testimony, its judgment will be reversed. In such case, the judgment of the reviewing ■court is not invoked by the overruling of the motion for a new trial, but for the error of law occurring in the course of the trial, saved by the injured party, at the time and in the mode provided in the code. Where the alleged error .appears in the entry made on the decision, no bill of exceptions is necessary; when it does not so appear, and is extrinsic thereto, the alleged error must be brought upon the record by some legal process.
The alleged error, if error occurred, intervened at the trial term, in January, 1874. The motion for a new trial made at that time, was continued for four terms of court before final disposition, and no bill of exceptions to the ruling of the court, upon any question of law whatever, was taken at the trial term. As already stated, the only bill of exceptions in the record, is the one taken at the May term to the decision of the court overruling the motion for a new trial. It is not matter of complaint that the court erred in denying the mover a new trial, for the rea■son that the verdict is against the weight of evidence, but that the court erred in admitting incompetent testimony to go to the jury, over the objection of defendant below, and for error in the refusal of the court to charge as requested and in the charge given, grounded upon the alleged incompetent testimony. No bill of exceptions was taken to that portion of the charge now claimed to be erroneous.
To make and save an objection and exception to a decision of the court on a question of law arising during the trial, the party claiming to be prejudiced by the ruling, must bring the question on the record by bill of exceptions taken and perfected at the trial term.
This will be manifest, upon an examination of the pro *262 visions of the code, which governed questions of this nature, at the time this case was tried. Section 290 declare» an exception to be “ an objection taken to a decision of the court upon a question of law.” Section 291 provides that the party objecting to the decision “ must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.” Section. 292 declares “ the exception must be stated, with so much, of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible.” Section' 293 provides for cases, where, from the nature of the entry, the grounds of exception appear in it. In such case, “ the exception may be taken by the pai’ty causing to be noted, at the end of' the decision, that he excepts.” Section 294 declares that, “ where the decision is not entered on the record, or the-grounds of objection do not appear in the entry, the party excepting must reduce his exception to writing, and present it to the court for allowance,” etc. \
Ey these provisions of the code, one who objects to the-decision of the court on a question of law, not within the-discretion of the court, arising in the progress of the trial, and which is extrinsic to the record, must save the question of law for review, by bill of exceptions to be perfected-'■within the time limited by the statute. If it arises upon, the admission or exclusion of evidence on the trial, exception must be taken at the time the decision is made, and,, within the time limited, be reduced to writing, “ with so much of the evidence as is necessary to explain it,” etc.. Such bill of exceptions when signed and sealed by the judge, becomes a part of the record in the case, and in this way the testimony and question ruled upon come upon the-record for review, and can not otherwise appear for fhat purpose.
This, we think, is the rule prescribed by the code, and in force at the time of this trial. As to the necessity for such, or a similar rule, there can be no reasonable controversy.. The whole matter, and all questions occurring at the trial, should be closed, while all the facts and circumstances are- *263 fresh in the recollection of counsel and court. 19 Ohio, 426-437.
It seems to us, the question now for decision was, in effect, under consideration in the case of Kleine et al. v. Wynne, Harries & Co., 10 Ohio St. On pages 228, 229, Gholson, J. says: “And yet, if, upon a motion for a new trial for cause of error of law occurring at the trial, a continuance of that motion to a subsequent term will euable the court to reduce the exception to writing at such subsequent term, with precisely the same effect as if it had been done at the trial term, it is evident that the rule would have no positive or binding obligation, but might, in every case, be dispensed with at the pleasure, or in the discretion of the court. We are satisfied that such was not the intention of the legislature. The court is not authorized to grant a new trial for cause of error of law occurring at the trial, unless excepted to by the party making the application, aud if the exception be not reduced to writing during the time, in law there was no exception.”
Reducing the exceptions to writing,, means that, in cases where the grounds of objection do not appear in the entry made on the decision, the party excepting to a decision of law in the progress of the trial, must reduce his exception to writing, in the form of a bill of exceptions, at the term of the court at which the decision is made. We find no exception to this rule. As. the law stood, o,n this subject, in 1874, the court would grant time in which to reduce the exception to writing, “ but, for an error of law occurring at the trial, not beyond the term. Code § 291. By the act of April 8, 1876 (73 Ohio L. 140, 141), “ said bill of exceptions shall be signed during the term, or within thirty days thereafter.” . . . And “ shall be entered on the record of the term at which said trial of the case took place,” etc.
Objections to decisions made in the progress of a trial, to either or both testimony and charge, should be taken when the ruling is made or charge given or refused, and where a hill of exceptions is taken on the overruling of the motion for a new trial, at the trial term, embodying all the evidence *264 and charge, or so much thereof as was objected to in the progress of the trial, the errors of law occurring at the trial may be saved for review in such general bill of exceptions. Where, however, the motion for a new trial is continued to, and is disposed of, at a subsequent term, the alleged errors of law occurring at the trial, not saved by special bill of exceptions, will be lost.

Judgment affirmed.