Scott, J.
Bid the court of common pleas err in permitting the city ordinance, which prohibits the driving of horses at a rate of speed exceeding six miles an hour, to be offered in evidencé by the plaintiff in that court ? It was offered and permitted to go to the jury for one purpose only. That purpose was, that it might be considered by the jury in determining whether the plaintiff was guilty of such contributory negligence as would prevent a recovery. It was offered solely to relieve the plaintiff from the charge of negligence in attempting to cross the street in the manner he did at the time when the accident happened; and was admitted on the ground that the plaintiff, when about to cross, had a right to presume that the defendant would obey the ordinance, and regulate the speed of his horse accordingly ; and that if such rate would not have put the plaintiff in danger of a collision, theu he was not guilty of negligence in attempting to cross. In admitting the ordinance in evidence for such a purpose, under the circumstances disclosed by the previous testimony, we think the court erred.
The ordinance was the last evidence offered on the trial by the plaintiff. The evidence previously offered, including his own testimony, shows that the defendant- and many other *499 persons, at and immediately prior to the time of the accident, were sleigh-riding on the street with fast horses. They were exhibiting their speed, in utter disregard of the ordinance, and were converting the drive-way substantially into a race-course. This .fact was well known to the plaintiff. He had been standing for a considerable time on the sidewalk, with many other spectators, enjoying the scene. He was familiar with fast horses — had owned some —and could judge pretty correctly of their rate of travel. The street was straight, and plaintiff' could have a full view along it, both ways, for a long distance. The defendant was driving at the time at a rate of speed approximating to twenty miles an hour, and others nearly as fast. This was the condition of things when the plaintiff attempted to cross the drive-way, three rods in width. Other sleighs, moving with equal rapidity, were in close proximity to that of the defendant, and while the plaintiff was endeavoring in his passage to escape from the former he was struck by the latter. There was no evidence tending to show that the plaintiff was ignorant of what was thus passing before his eyes. Indeed, under the circumstances shown, such ignorance would, itself, have evidenced the most culpable negligence. The plaintiff, then,, could have no right to act on the presumption of the existence of a state of facts which was negatived by the clear evidence of his senses. He was acting on a known and not a supposed state of facts, which, in the absence of any information to the contrary, the ordinance might have justified him in presuming. In view of this known state of facts,, it was his duty to exercise reasonable care for his own-safety. And from this duty he was in no degree relieved by the ordinance in question.
We are referred by counsel for defendant in error, jn support of the ruling which permitted the ordinance to- be offered in evidence, to the case of Jetter v. N. Y. & H. R. Co., 2 Keyes (N. Y.), 154. In that case it was held by the Now York Court of Appeals, that, “ in the exercise of his-lawful rights, every man has a right to act on- the belief- *500 that every other person will perform his duty and obey the law; and it is not negligence to assume that he is not exposed to a danger which can only come to him through a disregard of law on the part of some other person.”
The soundness of this doctrine, and its proper application to that case, we are not disposed to question.-' That was an action brought to recover for injuries sustained by the plaintiff’s daughter, six years of age, and partially deaf and dumb, who was run over and injured, whilst in charge of a servant, by one of the defendant’s street cars. At the time of the accident she was crossing a street, and was running a little ahead of the woman attendant, and defendant claimed there was negligence on the part of the child and her attendant. The plaintiff' gave evidence tending to show that at the time the servant and child started to cross the street there was no car in sight, and the street was free from vehicles ; that defendant’s car came rapidly round a curve or corner, with the horses on a run or jump, a short distance from where the child was crossing, and so suddenly that the child had not time to see and escape the danger, or the servant time to rescue her from it. The plaintiff also put in evidence the ordinance of the city forbidding cars from turning a corner faster than a walk, or to travel on a street faster than six miles an hour. The court instructed the jury that, “ under such circumstances, a person about crossing a street, and having in charge a child of tender years, has a right to take into consideration the fact that, by the city ordinances, no vehicle is permitted to turn a corner faster than a walk, nor to travel on a street faster than six miles an hour'; and if the jury should find that the woman and child could have crossed the street in time to avoid any collision, provided the defendant’s car had been driven at no greater rate than the city ordinances permitted ; then they must assume that it was not negligence in the woman to permit the child to let go of her hand for the moment and cross the- street alone; while, on the contrary, if you should come to the conclusion, from the entire evidence of the case, that at the- time when they attempted
*501 to cross the car was in view, then you are to consider whether the car was so near as to render the attempt unsafe, because, if it was unsafe, it follows that it was negligence to allow the child to leave the immediate protection of the woman, and the plaintiff' can not recover.” This instruction was supported by the court of appeals. But it is obvious, in this case, that the jury was allowed to consider the existence of the city ordinance on the subject of fast driving only in the event of their finding that defendant’s car was not in sight, and its illegal rate of speed was unknown to the woman and child when they left the sidewalk and undertook to cross the street.
But if at that time the car was in sight, and its rate of speed, however illegal, was apparent,.it is clear that the court regarded the city ordinance as having no bearing on the question of contributory negligence. That case is, therefore, quite in harmony with the views we have expressed.
The erroneous admission of the ordinance in evidence might, possibly, not have been to the prejudice of the plaintiff- in error, had the charge of the court been such as to give it no significance. But grave importance seems to have been attached to its effect in the charge. The jury was instructed, among other things, that “the ordinance might be evidence for the purpose for which it is claimed to be competent and legal evidence; that is to say, to relieve the plaintiff from any charge or imputation of negligence growing out of the act he did or attempted to do.”
And, again : “ Inasmuch as the ordinance was in existence, of which the plaintiff was presumed by law to have knowledge, he might act with reference to and on the presumption that the ordinance would be conformed to by those who were using the street.”
We think this instruction was clearly erroneous, when ap>plied to the undisputed facts of the case. And though we should not reverse the judgment, solely on account of this eri’or in the charge, to which exception does not appear to have been specially taken at the time; yet it may *502 be properly taken into account in considering the materiality of the evidence improperly admitted. And, as all the evidence is before us, errors in the charge may properly be considered, in connection with the overruling of the motion for a new trial, which is also one of the errors assigned. M. & Gin. R. R. Co. v. Strader & Co., 29 Ohio St. 448; Kline v. Wynne, 10 Ohio St. 223; Mowry v. Kirk, 19 Ohio St. 384.
Upon a careful examination of all the evidence in the case, we are satisfied that had it not been for the evidence improperly admitted, and the charge of the court in relation thereto, the verdict of the jury might properly, to say the least, have been different; and that the motion for a new triaL should have been granted. And, for these errors, we think the judgment of the court of common pleas should have been reversed by the district court.
The judgment of both the courts below will therevfore be reversed, and the cause be remanded to the court of common pleas for new trial.