McIlvaine, J.
This action was brought to recover damages for injuries which the plaintiff in the action below, John Fitzpatrick, alleged he received by reason of the negligence of defendant, Little Miami Railroad Company, in permitting a car or cars to be used in a freight train running from Cincinnati to Columbus which were unsafe and unfit for use, upon which train the plaintiff was employed as brakeman on October 3, 1879.
The alleged defects consisted of a hole burned in the runway upon the top and near the front end of the car, over which it was the duty of the plaintiff to pass in discharging his duties as brakeman, and of a loose brake-wheel upon the end of the car in the immediate vicinity of the hole.
*321 Tbe plaintiff’s claim was that be came on the train, as brakeman, en route, at Selma, by an exchange with one Gan ter ; and at daybreak, while in the discharge of his duty, discovered the hole before unknown to him, and in attempting to pass it slipped, without fault on his part, and caught hold of the brake-wheel which, being loose, gave way and he was precipitated to the ground between the moving cars, thus receiving the injuries complained of.
Among other things the defendant, by way of defense denied that the supposed injuries occurred by reason of any fault, negligence or carelessness on its part and offered testimony tending to prove that the train before leaving Cincinnati had been inspected by employees of the company, whose duty it was to inspect all cars at that point and if found defective to detain them for repairs before permitting them to go on the road. That competent inspectors and repairers under the control of a competent foreman were kept by the company at Cincinnati for that purpose.
In respect to this testimony the court charged the jury as follows: “ The defendant has offered testimony tending to show the custom and duty imposed upon the servants of the company in regard to inspecting cars at Cincinnati, and that defective, unsafe or insufficient cars were not suffered to go on the road, but were retained for repairs. This evidence was permitted to go to the jury as reflecting upon the probable condition of the ear in. question at the time it left Cincinnati. Now, if you shall find that the run-way or running-board and the brake-wheel in question were in good repair and condition when the car left Cincinnati, and by an unavoidable accidént the defects complained of occurred whilst the train was on the road, this will make a case of unavoidable accident for the consequence of which the defendant cannot be held liable.”
But the court further charged the jury : “ Now, if you find that the defendant permitted a defective and improper brake-wheel to be on a car, and permitted a car to be placed on a train in which the run-way or running-board was in a broken and otherwise defective and dangerous condition, so as to render it insecure or unsafe in reference to the jiurpose for *322 which the same is to be used by the brakemen; and if you further find that the plaintiff was ignorant of the condition of the brake and of the run-way or running-board; and, if you further find, that being so ignorant, and being in the line of his duty, by no want of ordinary care on his part, in attempting to pass from one car to another, his foot slipped and he was caught in a hole or other defect in the run-way or running-board, and that he attempted to prevent himself from falling by grasping the brake-wheel; that by reason of the defective and insecure condition of such wheel, it came off the rod to which it should have been firmly attached, and that by iva on of these defects in the run-way or running-board and brake-wheel, the plaintiff fell and was thrown off the car and und- r the brakes, and by means thereof he received the injury of which he complains; then you will be authorized to find that the defendant was guilty of negligence in failing to provide a car safe and road-worthy ; and if by reason thereof, the plaintiff, whilst engaged in the duties of his employment, being himself guilty of no want of ordinary care, the accident occurred, which caused the injury, the defendant is liable to the plaintiff for the consequences.”
The court, however, refused among other things, to instruct the jury as follows :
If the jury shall find, from the evidence, that there was such a defect in the running-board and brake of one of tire cars, as alleged in the petition, yet if the existence of such defect at the time of the accident was owing to the neglect of other operatives of the road, supposed to be competent, whose duty it was to have inspected said running-board and brake but who neglected so to do, and negligently suffered the same to continue in use when not road-worthy; if such defect was unknown to the company, it is.not liable therefor, inasmuch as such delinquent inspector is to be regarded as a fellow-servant of the brakemanin a common service, and the plaintiff cannot recover in this action.
Under the circumstances of this case and especially in view of the foregoing charges it is claimed that the court erred in refusing to give this request. On the other hand it is conten *323 ded that if the request contained sound law there was no sufficient exception to its refusal. The exception was “ to the declining to give the instructions sought.” True, the request was made at the same time with others, some of which were in substance given while others were refused, but no such series of requests was made as to justify the court in refusing this one on the ground that others were inadmissible ; and although the exception was to the refusals in gross, still we think after examining all the testimony, there was such doubt as to the existence of the defects in the cars and as to the time and place of their origin that this court should look to the whole record to see if error intervened to the prejudice of plaintiff in error, although the exception to the charge was general. Marietta and Cincinnati Railroad Co. v. Strader & Co., 29 Ohio St. 448.
We are thus brought to the question should the request or its equivalent have been given ?
We think it quite clear from an examination of the charge given that this request was refused on the ground that it was unsound in the opinion of the court, notwithstanding such was declared to be the law in Columbus and Xenia Railroad Co. et al. v. Samuel Webb's Adm'x, 12 Ohio St. 475, by a unanimous court after grave deliberation.
In that case as in the one before us the injury happened while the car was en route, from alleged negligence of the company in supplying the car with safe and suitable brakes, and it was in proof that the car was inspected before it was put on the road. On this phase of the case the court said, “ That if the existence of such defect at the time of the accident, was owing to the neglect of other operatives of the road, supposed to be competent, whose' duty it was to have inspected said brake, but who neglected so- to do, and negligently suffered the same to continue in use, when not road-worthy, unknown to the company, it is not liable therefor, inasmuch as such delinquent inspector is to be regarded as a fellow-servant of the brakeman, in a common service.” Some criticism has been made on the meaning of the word “ operatives,” as used in the request as well as in the opinion of the court above *324 stated. It is suggested that the word is broad enough to include the officers and agents of the road, to wit, those standing as the immediate representatives of the .company. While we are inclined to think that the knowledge or negligence of such would be the knowledge or negligence of the company, for which it would be liable, we do not think that the phrase “other operatives” when used to designate a class to which brakemen may belong, has such significance. And if “ other operatives ” is confined to employees who do not represent the company, as we think it is, the proposition contained in the request is undoubtedly correct and inspectors are fellow workmen with brakemen, and are engaged in a common service, to wit, in the operation of the road.
Perhaps-there is no principle in law more firmly settled by common law courts than that the common employer is not responsible for an injury to one employee occasioned by the carelessness of his fellow servant engaged in the same service ; but it must be admitted a diversity of opinion' exists on the question whether the inspectors of railroad machinery are fellow servants with brakemen engaged in operating the'machinery-
On this question, for more than a score of years, during great aótivity in railroading, Webb's Case, supra, has remained unchallenged as' the law of this state for the government of railroad companies and of those contracting to serve them in the capacity of brakemen, declaring the rule to be that the relation of fellow servants exists between inspectors and brakemen.
Undoubtedly the law requires a railroad company to exercise reasonable care in providing and maintaining safe machinery for the use of its employees engaged in running trains upon its road, but such employer as to such employee is not án insurer of the fitness of its machinery for the purpose for which it was intended. It is bound to vigilance, but vigilance is the maximum of its duty. The successful management of a railroad requires the co-operation of many servants. Reasonable care in the employment of careful and competent servants is required of the company, but the exercise of reasonable care *325 by such servants is at the risk of his fellow servants. The car alleged to be defective in this case, as the testimony tends to show, was the car of another company on its way home; but admitting'the duty of the company was the sanie as if it had been its own car, this duty was to employ competent and careful inspectors and repairers. If that were done, its duty to other operatives of the road was performed.
Without undertaking to review all the cases on this point, I will cite a very recent case, Mackin v. Boston and Albany Railroad Co., 135 Mass. 201, decided in 1883, the facts of which are very similar to the case before us. In this case it was held that an inspector of a railroad car and a brakeman employed on the car are fellow servants ; and the latter can not maintain an action against their common employer for an injury resulting from the failure of .the'former to perform his duty. The rule in this case was regarded as the necessary result of a former decision in Holden v. Fitchburgh Railroad Co., 129 Mass. 268, that the duty of a railroad company to. its employees, in respect to those things it is bound to furnish and keep in good repair, is that of using reasonable care.

Judgment reversed and cause remanded for a new trial.