### AARON D. BAIRD v. BURTON TELEPHONE CO.

1. PLEADING OF BREACH OF SERVICE CONTRACT.

In an action for damages by a servant against the master for discharging him before his time of service has expired, it is the duty of the master to aver and prove that the discharge of the servant was for reasonable cause, and a charge of the court, "that the burden of proof rests upon the servant to show that the discharge was without any just cause therefor," is error.

[For other cases in point, see 4 Cyc. Dig., "Evidence," §§ 1129-1139.—Ed.]

2. EXAMINATION OF EVIDENCE IN ERROR PROCEEDINGS.

Where the whole evidence adduced upon the trial is made part of the record by a bill of exceptions, the court in determining whether the judgment should be reversed will examine the evidence as well as the charge with a view to determine whether under all the circumstances substantial justice has been done and if it has, the judgment will not be reversed for error in the charge.

[For other cases in point, see 4 Cyc. Dig., "Error," §§ 1620-1624, 1718-1730, · 1660.—Ed.]

[Syllabus by the court.]

ERROR to Geauga common pleas court.

W. H. Bostwick and N. H. Bostwick, for plaintiff in error.

W. G. King, for defendant in error.

COOK, J.

The action below was by Aaron D. Baird, plaintiff in error, against the Burton Telephone Company, defendant in error, to recover damages for breach.of contract in wrongfully discharging him from its employ before his term of employment had expired.

Burton was employed by the telephone company as its manager and collector and the evidence shows that he was employed for a definite period.

The first question that is presented is upon whom the burden of proof rests to show whether or not plaintiff in error was discharged without cause. The court charged the jury:

"If you find in this case by a preponderance of the evidence that the plaintiff and defendant entered into a contract by which he was, as general manager and collector of the company, to perform certain services for the company at an agreed price to be paid him therefor by the company and that that contract was to continue for a definite period of time; and you find also that before the contract had expired the defendant without any cause discharged the plaintiff, then the plaintiff would be entitled to recover such damages as he actually sustained by reason of such wrongful discharge.

Geauga County.

"The burden of proof in this case rests upon the plaintiff; it is incumbent upon him, to entitle him to recover, to prove that the contract of service was entered into between him and the defendant, and that the defendant, without any just cause therefor, discharged him from such employment and refused to allow him to continue longer therein.'"

Is the charge correct in this regard? We do not think it is. The law would not presume that the servant was derelict in his duty simply because his employer discharged him. Who would know whether or not the servant was derelict in duty better than the master? He justifies for the reason that the servant was derelict in duty. It is in the nature of confession and avoidance, and the master must allege and prove the ground of avoidance.

In this case one of the allegations of the petition is, that the discharge was without reasonable cause, and by reference to the approved books of pleading this is the usual form of petition in cases of this character; but that is of no importance. The answer was a general denial and that only puts in issue the necessary averments of the petition but not the unnecessary averments or such as are merely surplusage.

The duty devolved upon the defendant specifically to aver and prove the cause of discharge—in what respect the servant was derelict in duty. Such was the holding in the well-considered case of *Linton* v. *Fire Works Co.* 124 N. Y. 533 [27 N. E. Rep. 406]. The syllabus of that case is as follows:

"The law will not assume that a servant has been derelict in duty simply from the fact that his employer has discharged him before the expiration of the term of employment, and in an action by him for a breach of the contract of employment, upon proof that he was discharged while engaged in the performance of the contract, and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal.

"A general or specific denial in an answer controverts only material allegations, or such facts as the plaintiff would be compelled to prove to establish his cause of action.

"In such an action the complaint set up the contract of employment and alleged that plaintiff entered defendant's employ under it; that before its termination defendant, without right or cause, discharged him. The answer admitted the contract, denied the breach, alleged that plaintiff was discharged for cause, and separately specified twelve acts of plaintiff in alleged violation of the contract. Both parties gave evidence tending to sustain the allegations in their respective pleadings, and in addition thereto defendant offered to show other acts of misconduct

Baird v. Telephone Co.

and unfaithful service on the part of plaintiff not alleged in its answer. This was, upon objection, excluded:  *Held,* no error."

In the opinion it is said:

"The law will not assume that a servant has been derelict in duty from the fact that his employer discharged him, but upon proof under proper allegations that he was discharged while engaged in the performance of the contract and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal.  Such a defense confesses the contract and the discharge, but avoids the cause of action by showing new matter which, by the command of the statute, must be pleaded.  Code Civ. Pro. Sec. 500; Code Pro. Sec. 149; *McKyring* v. *Bull,* 16 N. Y. 297 [69 Am. Dec. 696].  Any other rule, as was said by this court in the case cited, would 'lead to surprises upon the trial, or to an unnecessary extent of preparation.'  A general or a specific denial controverts only 'material' allegations or such facts as the plaintiff would be compelled to prove to establish his cause of action.  *Griffin* v. *Railway,* 101 N. Y. 348, 354 [4 N. E. Rep. 740]; *Fox* v. *Turner,* 17 N. Y. St. Rep. 666 [1 N. Y. Supp. 164].  It does not put at issue immaterial averments, because the code does not require that they should be denied.  Sec. 500. The language of the statute is, that the answer 'must contain a denial of each material allegation of the complaint controverted by the defendant,' etc.  That the plaintiff was discharged before the contract had expired was material.  That he was discharged without cause was immaterial, so far as the complaint was concerned, because a recovery could be had without proving it.  It was sufficient for the plaintiff to allege a violation of the contract by the defendant.  His effort to anticipate and deny any possible defense to his cause of action was surplusage."

But while there is no doubt about there being error in the charge, was the error prejudicial?  We think it was not.  The whole evidence is before us and it conclusively shows that the judgment is right; that the jury could not, at least should not, have rendered any other verdict than it did.

The evidence clearly shows that Baird was not discharged at all but that he left the employ of the company upon his own accord.  There is some little evidence to the contrary, but it is very slight and not worthy of consideration.

"The court, in every stage of the action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected, by reason of such error or defect."  Rev. Stat. 5115 (Lan. 8630).

"An erroneous instruction to the jury is not a ground for the reversal of the judgment, where it clearly appears from the record that the party objecting was not prejudiced, thereby." *Berry* v. *State*, 31 Ohio St. 219 [27 Am. Rep. 506]; *Banning* v. *Banning*, 12 Ohio St. 437; *Fuller* v. *Coats*, 18 Ohio St. 343; *Marietta & C. Ry.* v. *Strader*, 29 Ohio St. 448.

It would be difficult to find a case where this just rule of law could be more appropriately applied.

Judgment of common pleas court affirmed.

**Burrows** and **Laubie, JJ.,** concur.

---

## NEGLIGENCE—RAILROADS—ERROR—TRIAL.

[Richland (5th) Circuit, 1907.]

Taggart and Donahue, JJ.

(Judge McCarty not sitting.)