McNevins *v.* The People.

the judgment in the action should be reversed, and a new trial granted, costs to abide the event.

Judgment reversed.

[Argued at the BROOME GENERAL TERM, in September, 1871, before *Miller*, P. J., and *Parker* and *Balcom*, Justices. Decided by the same Justices, at the GENERAL TERM, in the THIRD DEPARTMENT, at Albany, January 2, 1872.]

---

WILLIAM H. McNEVINS, plaintiff in error, *vs.* THE PEOPLE OF THE STATE OF NEW YORK, defendants in error.

Upon an indictment for murder, the jury, under the statute, (2 *R. S.* 725, § 27, *Edm. ed.*,) may convict the prisoner of any degree of the offense inferior to that charged.

Upon the trial of such an indictment, the judge refused the request of the prisoner's counsel to charge "that they could convict of murder in the first degree, or murder in the second degree, or of any of the degrees of manslaughter," and in his charge restricted the jury in the event of any conviction, to murder in the first degree, or manslaughter in the third degree. *Held* that unless there was an entire absence of evidence to prove the commission of any other crime than murder in the first degree or manslaughter in the third degree, it was error to charge as the judge did charge, and to refuse to charge as requested.

*Held, also,* that the right rule would have been for the judge to say to the jury that, under the indictment, a conviction of the principal offense, or of any less degree, was allowable, and then leave it to the jury to apply the facts to the definitions of the various grades of the crime, and say which they thought was sustained.

Where, upon the testimony, the jury could have convicted the prisoner, had they thought proper, of manslaughter in the 4th degree; *Held* that a charge which in effect told them that they could not do so, and that if the prisoner was guilty at all, the lowest degree of crime of which they could convict was manslaughter in the third degree, was erroneous, to the prejudice of the prisoner.

Upon a review of a judgment of the court of general sessions of New York, upon writ of error, even though there was no request to charge, or exception taken, the court ought, under the statute, (*Laws of* 1855, *ch.* 337, § 3,) if it discovers any error which may have prejudiced the prisoner, to give him the benefit of it.

WRIT of error to the New York general sessions. The questions arising, and decided, apper in the opinion.

*By the Court,* CARDOZO, J.   The plaintiff in error was indicted for murder, and tried and convicted of that crime, in the court of general sessions of New York.

There is no doubt, and it is not disputed, but that the jury, under the statute, (2·*R. S.* 725, § 27, *Edm. ed.,*) could convict the prisoner, upon the present indictment, of any degree of the offense inferior to that charged.

The counsel for the prisoner requested the judge to instruct the jury to that purport.  It was refused, and exception taken.

I do not think it necessary to inquire whether, if the evidence established that the prisoner could not be guilty of any particular grade of manslaughter, the court might not say so.  Undoubtedly, the usual and the better course is laid down by Justice BALCOM, in *Gardiner* v. *The People,* (6 *Park. C. R.* 180.)  He says: "I have stated to you the definition of murder in the first degree, murder in the second degree, and the definitions of manslaughter in the several degrees, for the reason that I am not permitted to say to you, as matter of law, that you cannot, or have not the right to find the prisoner guilty, upon the evidence, of either of the particular offenses for which he may be found guilty under the indictment.  Nor have I the right to say to you that, upon the evidence, the prisoner is guilty of murder in the first degree, if guilty at all, or of murder in the second degree, if guilty at all, or of manslaughter in any or either degree; for it is not the province of the court to construe the evidence.  It is the duty of the jury to construe the evidence."

In the present case, the charge of the judge restricted the jury, in the event of any conviction, to murder in the first degree, or manslaughter in the third degree.  The judge distinctly said so to the jury, after refusing the

McNevins *v.* The People.

request of the prisoner's counsel to charge "that they could convict of murder in the first degree, or murder in the second degree, or of any of the degrees of manslaughter."

The statute which I have already cited, distinctly authorized the jury to do what the prisoner's counsel said, and, certainly, unless, indeed, there was no evidence at all of any other crime than murder in the first degree, or manslaughter in the third degree, it was error to charge as the judge did, and to refuse the request.

Perhaps the request would have been more technical if it had asked the court to say that, "under the indictment," the jury could do as suggested. The right rule would have been for the judge to say to the jury that, under the indictment, a conviction of the principal offense, or of any less degree, was allowable, and then leave to the jury to apply the facts to the definitions of the various grades of the crime, and say which they thought was sustained. Any other course makes the judge act also as jury, in respect to those degrees which he excludes from their consideration, because he determines, as matter of fact, that the evidence will not support a certain verdict; which he has never the right to do if there be any evidence tending in any degree to make out that crime.

Whether the request was exactly right—whether it was not broader than the evidence called for, there being no evidence as to murder in the second degree—and whether there was any exception to the charge as given, need not be considered; because, this being a review of a judgment of the general sessions, even if there were no request, or no exception, we ought, under the statute, (*Laws of* 1855, *ch.* 337, § 3,) if we discovered any error which might have prejudiced the prisoner, to give him the benefit of it.

Now, without reviewing the evidence, I think it enough to say that, upon the testimony, the jury could certainly have convicted the prisoner, if they thought proper, of

manslaughter in the fourth degree, (2 *R. S.* 682, § 19;) and a charge which, in effect, told them they could not do so, and that, if guilty at all, the lowest degree of crime of which they could convict, was manslaughter in the third degree, was erroneous, to the prejudice of the prisoner. Had the jury been told that they had the power to convict of manslaughter in the fourth degree, and the evidence been submitted to them with proper instructions as to the definition of that offense, I cannot say that they would not have thought that the proper verdict. At all events, it was for them to say.

It follows that the judgment should be reversed, and a new trial ordered.

New trial granted.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Ingraham,* P. J., and *Geo. G. Barnard* and *Cardozo,* Justices.]