[No. 620.   October 21, 1895.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. ROBERTO FRIDAY, APPELLANT.

CRIMINAL LAW—MURDER—INDICTMENT—EVIDENCE—INSTRUCTION AS TO DEGREE NOT GIVEN.—On a trial, on indictment, for murder, if there is any evidence which can bring the case within the definition of any degree not given, it is the duty of the court, whether requested to do so or not, to charge the jury as to such degree, and a failure to do so is reversible error.

ID.—MURDER IN FIRST DEGREE—EVIDENCE—FAILURE TO INSTRUCT AS TO SECOND DEGREE.—Where, on a trial, on indictment, for murder in the first degree, defendant testified that deceased came to his room and abused him, that he left the room and went in search of the town marshal, that on his return shortly thereafter deceased was standing with another a few feet from the room, and, as defendant approached, rushed upon him, and defendant, retreating about ten or twelve feet, shot and killed deceased with a revolver he had borrowed when he went for the marshal,—Held, that the failure of the court to charge the jury as to murder in the second degree, was reversible error. Territory v. Young, 2 N. M. 93; Territory v. Romine, Id. 114; Territory v. Nichols, 3 Id. 103.

APPEAL, from a judgment of the First Judicial District Court, Santa Fe County, convicting defendant of murder in the first degree.   Reversed and remanded.

The facts are stated in the opinion of the court.

FRANCIS DOWNS for appellant.

To constitute murder, death must have occurred within a year and a day from date of injury received.

In the indictment in this case, the death is not averred to have occurred within this limit; it is, therefore, fatally defective. State v. Mayfield, 66 Mo. 125; People v. Aro, 6 Cal. 207; People v. Kelly, Id. 210; State v. Lackey, 65 Mo. 217; State v. Tertermon, 68 Id. 408.

Under this indictment, the defendant might have been found guilty of any one of the three degrees defined by the statutes of the territory. The verdict is, therefore, fatally defective. Kerr on Law of Hom., sec. 542, and citations; Hogan v. State, 30 Wis. 428; Johnson v. Com., 24 Pa. St. 386.

"The court must submit to the jury the consideration of every degree of crime which the evidence tends to prove, and the exclusion of any grade is error, whether asked for by counsel or not, and warrants a reversal." Territory v. Nichols, 3 N. M. (Gil.) 103. See, also, Proff. on Jury Trs., sec. 328; 11 Cush. 417; 12 Ala. 764; 13 Ill. 17.

The jury, not the judge, is to determine credibility of dying statement. Wheat. on Crim. Ev., secs. 303, 276.

It was grave error for the court to refuse the eighth instruction asked by defendant. It was not shown that deceased was in expectation of immediate death, or that he was without hope of recovery. Thompson v. U. S., 155 U. S. 271; Hickoy v. U. S., 151 U. S. 303; Id. 262; Allen v. U. S., 150 U. S. 551; 153 Id. 183, 186.

JOHN P. VICTORY, solicitor general, for territory.

To charge a statutory crime properly, it is necessary only to set forth the terms of the statute, provided sufficient facts be alleged to put the defendant on notice of the charge against him. U. S. v. Gooding, 12 Wheat. 460; U. S. v. Britton, 107 U. S. 655.

The indictment charges "express malice afore-thought." Section 2 of the law of 1891 defines malice

as "that deliberate intention," etc., and deliberate in-
cludes premeditated. State v. Dale, 18 S. W. Rep.
976.

So that the construction contended for might still
be conceded without invalidating the indictment for a
first degree conviction. 1 N. M. 279, 284; St. Clair v. U.
S., 154 U. S. 134; Scott v. State, 20 S. W. Rep. (Tex.)
755; People v. Osmond, 33 N. E. Rep. (N. Y.) 739;
Jordan v. People, 36 Pac. Rep. (Cal.) 218; People v.
Hyndman, 33 Id. (Cal.) 782, and citations; Com. v.
Buccieri, 26 Atl. Rep. (Pa.) 228; Weatherman v.
Com., 19 S. E. Rep. (Va.) 778; Brannigan v. People,
24 Pac. Rep. (Utah) 765.

The testimony embodied in the record being frag-
mentary, it is a fair presumption that the court charged
the jury correctly upon the evidence as a whole. Whee-
lock v. McGee, 1 N. M. 573.

If the territory's witnesses told the truth, the jury
was constrained to convict of murder in the first degree;
if the defendant told the truth, he was entitled to an
acquittal. The court need charge only such degrees as
the evidence tends to sustain. Territory v. Yarberry,
2 N. M. 392. See, also, Territory v. Young, 2 N. M.
93, 105; Territory v. Romine, Id. 114; Territory v.
Romero, Id. 475; Territory v. Salazar, 3 Id. (Gil.) 321;
Territory v. Fewel, 5 Id. 34; Territory v. Thomason, 4
Id. 154; Faulkner v. Territory, 6 Id. 464; Sparf et al.
v. U. S., 156 U. S. 151.

"It is not error to refuse a charge when those given
cover the case." Territory v. Anderson, 4 N. M. 213;
Territory v. Edie, 6 Id. 555; U. S. v. De Amador, Id.
173.

The attempt to institute a comparison between the
probative value of the dying declaration and the testi-
mony of living witnesses is deprecated by the best au-
thority. Bish. Crim. Proc., sec. 1216.

COLLIER, J.—It is deemed necessary to advert to only one of the alleged errors urged by appellant, and to recite the record and the evidence in the transcript so far as relevant to the same. The defendant was indicted for the murder of one Zenon Baca, found guilty in the first degree, and sentenced to be hanged. On the trial the court instructed only as to murder in the first degree, or acquittal. The testimony which it is claimed entitled the defendant to an instruction as to the second degree, was that given by appellant, and the material portions of it are hereinafter set forth. The testimony produced on the trial by the prosecution does not appear in the transcript brought to this court, and the question presented, therefore, is whether or not the court erred in omitting to instruct the jury as to the second degree of murder, and not whether the verdict of murder in the first degree was justified by the evidence.

Counsel for appellant contends that it makes no difference how strong, or even how overwhelming, may have been the testimony to support the verdict of the jury of murder in the first degree, that nevertheless the jury should have been instructed as to the second degree, if there was any testimony whatever to support such an instruction, and that to fail to give such an instruction was in effect telling the jury that defendant's testimony was to be altogether discarded from their minds, as not being worthy of any consideration. It is provided by our law that "in the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crimes, offenses and misdemeanors in the courts of this territory, the person so charged shall, at his own request, but not otherwise, be a competent witness." Comp. Laws, N. M., sec. 2493. In this case the defendant testified in his own behalf, and, being a competent witness, his

*MURDER: indictment: evidence: instruction as to degree not given.*

testimony, its credibility and weight, were matters for the jury's exclusive consideration. We must look, therefore, to that testimony, to ascertain if, by itself and standing alone, an instruction as to murder in the second degree should have been given. If such testimony would support such an instruction, it becomes utterly immaterial whether the instruction was requested or not, as we believe the rule stated by PRINCE, C. J., in Territory v. Young et al., 2 N. M. 93, is the true rule, to wit: "The judge who excludes certain degrees from the consideration of the jury does so at his peril; that is to say, he should be absolutely certain that there is no testimony which would make a verdict of one of these degrees possible; for, if there is the least vestige of evidence, it is for the jury to determine its weight and effect, and the slightest mistake of that kind would be error, for which the appellate court would have to grant a new trial." In the case of Territory v. Romine, 2 N. M. 114 (opinion by PRINCE, C. J.), this court again said that, "if there is any evidence whatever which could bring the case within the definition of any degree not given, the limitation of the degrees in the charge to the jury would be error, which would be good cause for reversal." From the opinion of the court in the case of Territory v. Nichols, 3 N. M. 76, we make the following extract: "It is, we think, so well settled as to become almost elementary law that the court in its instructions to the jury in a criminal case must give to them all the law applicable to the evidence elicited at the trial. This, indeed, is the very purpose of instructions from the court, and it is only properly fulfilled when the jury retire to their room fully informed of the principles of law which are to govern them in considering the testimony. The law makes this the duty of the presiding judge, and he must perform it whether requested to do so or not. Suppose the evidence in a capital case pointed to a

particular degree of the crime as defined by the statute, and the presiding judge failed, through inadvertency or otherwise, to charge as to that degree, and the defendant was thereby prejudiced; can it be said that, because his counsel did not ask for instructions as to that particular degree, he can not avail himself of the error in the appellate court? We think not; and, as we have said already, we think the law on this subject is well settled. Bishop, in his work on Criminal Procedure, says: 'The charge should state the law in its application to the facts, as already explained, correctly and fully. If, for example, there are different degrees of an offense, the law of each degree which the evidence tends to prove should be given, but not of any degree which it does not tend to prove.' 1 Bish. Cr. Proc., sec. 980, and numerous cases cited." "It is error for the judge, unless there be an entire absence of evidence to prove a particular grade of murder, to exclude such grade from the consideration of the jury." Whart. Cr. Pl., sec. 713; McNevins v. People, 61 Barb. 307; Adams v. State, 29 Ohio St. 412. Our statute directs that "the court shall instruct as to the law of the case, but shall not comment on the weight of the evidence." Comp. Laws, N. M., sec. 2055. BELL, J., in Territory v. Nichols, supra, commenting on this provision of our law, says: "This statute, of course, can only mean that the court shall instruct the jury as to all the law applicable to the evidence in the case; and, this being so, a failure to do so would be error. The court is not permitted to wait until it is asked to charge as to a particular degree, but it must do so as a part of its duty in the case."

We reaffirm the views expressed as above by this court, and come to a consideration of the testimony of

MURDER in first degree: evidence: failure to instruct as to second degree.

the defendant, to ascertain if in it there was any evidence tending to show any grade of murder other than the first. We think it clear that, if defendant's testi-

mony were believed by the jury, they could not, under proper instructions, have found him guilty of murder in the first degree. This testimony tends to show that deceased went to the house where defendant had a room; that he knocked at the door, and, on ascertaining that defendant was there, he began abusing him; that defendant closed the door which had been opened by the woman at whose house he was staying; that defendant dressed himself partially, and went up town to find the town marshal, and returned to his room in a short while; that deceased and another man were standing about ten feet from his room, and, as defendant approached, deceased rushed upon him, and defendant, retreating some ten or twelve feet, shot and killed him. He testified that he borrowed a pistol up town; that he had left a portion of his clothing at his room, and was returning there to sleep when the encounter took place as above detailed; that, after firing the shot, he went up town, and delivered himself up to the marshal. If the jury had even believed that defendant went up town for the express purpose of getting a pistol, instead of for the purpose of avoiding a quarrel with deceased, as defendant testified, and that on his return he was assaulted by deceased, and on retreating several steps he fired, that would not make murder in the first degree, unless they also believed that, instead of returning to his room to sleep, he came, after arming himself for the purpose of killing deceased, and that he made the supposed assault a pretext for the killing, instead of its being the occasion of his shooting under the impulse of sudden heat of passion, easily inflamed because of the previous abuse occurring at the time the two had met before the defendant had gone up town. The jury might also have concluded from defendant's testimony that the killing was perpetrated unnecessarily, while resisting an attempt by the deceased to commit an offense against the person of

defendant.    There certainly was more than "a vestige
of evidence" to support either of the above theories.
Again, referring to the position of Chief Justice PRINCE
in the case of Territory v. Romine, supra, and approv-
ing it, we say that, "if there is any evidence whatever
which could bring the case within the definition of any
degree not given, the limitation of the degrees in the
charge to the jury would be error which would be good
cause for reversal."    And, believing that there is defi-
nite and distinct evidence in defendant's testimony
calling for an instruction as to murder in the second
degree, we are constrained to reverse the judgment of
the court below refusing the defendant a new trial,
and we direct that this case be remanded to that court,
with directions to award such new trial; and it is ac-
cordingly so ordered.

SMITH, C. J., and HAMILTON and BANTZ, JJ.,
concur.