## HARRY ADAMS *v.* THE STATE.

1. Under section thirty-nine of the crimes act, it is within the lawful province of the jury, in all trials for murder, to determine the grade of the crime.

2. But notwithstanding this right of the jury, it is the right and duty of the court to instruct them upon all questions of law arising before them in the case; and it is the *duty* of the jury to receive the law as given to them by the court.

3. The court, however, can not imperatively require the jury to render a verdict for a particular degree of homicide, nor deny to them the power of rendering such verdict as their judgment and conscience dictate, after being fully instructed as to their duty.

4. Where an indictment for murder in the first degree contains several counts, under either of which it is equally competent on the same proof to return a verdict of murder in the second degree, it is not to the prejudice of the accused for the court to restrict the jury, in finding the defendant guilty of murder in the second degree, to one of the counts only.

5. Where a charge is asked which is so indefinite and uncertain as to be calculated to confuse or mislead the jury, it ought to be refused.

6. Where parts of a general charge are excepted to, the objectionable parts ought to be pointed out at the time the exception is taken. *Adams v. The State*, 25 Ohio St. 584.

ERROR to the Court of Common Pleas of Montgomery county.

The plaintiff in error was indicted for the murder of one Henry Mulharen.

The indictment contained two counts.

The first count charged the killing to have been done purposely and of deliberate and premeditated malice.

In the second count the killing was charged to have been done purposely while the plaintiff in error was attempting to rob the deceased.

Death is alleged to have been caused by the same means in both counts.

The verdict found the plaintiff in error guilty of mur-

der in the first degree under the second count, and not guilty under the first.

The errors assigned relate : (1.) To the charge as given to the jury ; (2.) To the refusal to charge as asked.

The bill of exceptions does not purport to contain all the testimony. The charge is set out in full, and covers. the whole case.

The principal ground of error alleged against the charge, is that it precluded the jury from finding the defendant below guilty of murder in the second degree, under the second count of the indictment.

The charge, after defining the several degrees of criminal homicide, and instructing the jury as to the facts necessary to be found before they could convict the defendant of murder in the first degree, under the first or under the second count, contains, among other things, the following :
" If you do not find the prisoner guilty of murder in the first degree, under either of the counts of the indictment, then you will go further, and ascertain if he is guilty of murder in the second degree."

"As already stated to you, murder in the second degree is where any person purposely and maliciously, but without deliberation and premeditation, kills another." . . .

" If you do not find the prisoner guilty of murder in the first degree under either count, first or second, or of murder of the second degree under the first count of the indictment, you will then look further and ascertain if the defendant is guilty of manslaughter. If the killing was done purposely and maliciously the offense is not manslaughter, but murder." . . .

" If, therefore, after looking carefully to the testimony, you do not find that the prisoner is guilty of murder in the first degree, as charged in either of the two counts of the indictment, or of murder in the second degree under the first count, but that he did unlawfully kill the deceased. without malice, upon a sudden. quarrel, or unintentionally, . . . while he (Adams) was in the commission of an unlawful act, then the offense is manslaughter." . . .

"If you find the defendant guilty of any offense, you will so return, and state the degree. If he is not guilty, you will say so."

To the charge as given, there was only a general exception.

Testimony was given tending to show that the defendant at the time of committing the homicide was drunk.

The defendant requested the court to instruct the jury as follows :

"Where the proof of drunkenness is presented for the purpose of showing that the defendant's mind was clouded, frenzied, and disturbed by being drunk, proof as to the defendant being unable to distinguish between right and wrong need not be so clear as when it is presented for the purpose of showing a complete defense to the action."

This instruction was refused, and to the refusal an exception was taken.

But the court did give, at defendant's request, the following instruction :

"The drunkenness of the defendant is proper to be considered by the jury for the purpose of determining his mental condition, whether he was capable of deliberating, premeditating, or of forming the intent to kill; and for the purpose of reducing the degree of the offense, if the jury find that the defendant committed the act from the effect of drunkenness, which he would not have done if sober, and that he was, therefore, incapable of forming a purpose to kill, or of deliberating upon it."

*S. Craighead* and *R. M. Nevin*, for plaintiff in error.

*John M. Sprigg*, prosecuting attorney, and *E. Thompson*, for the state.

WHITE, J.  Counsel of the plaintiff in error rely in support of their principal ground for the reversal of the judgment, on a point ruled in *Robbins* v. *The State*, 8 Ohio St. 132.

It was held in that case to be error for the court to in-

struct the jury on the trial of an indictment for murder in the first degree by means of poison, that in that kind of a case, murder is not of different degrees, and that, therefore, if they find the defendant guilty as he stands charged in the indictment, they *must* return a verdict for murder in the first degree.

Such instruction was regarded as an invasion by the court of the province of the jury, as the duty of the jury is defined in section 39 of the crimes act.

That section provides, " that in *all* trials for murder, the jury before whom the trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict whether it be murder in the first or second degree, or manslaughter." . . .

It was not intended by the ruling above referred to in *Robbins' case*, to deny that it is the right and duty of the court to instruct the jury upon all questions of law arising before them in the case; nor to relieve the jury from the *duty* of receiving the law as given to them by the court. The principle of the ruling is that the jury must not be imperatively required to render a verdict for a particular degree of homicide; nor must the instruction be such as to deny to them the power of rendering such verdict as their judgment and conscience dictate, after being fully instructed as to their duty.

In Pennsylvania, the statute is similar to the statute in this state; and the supreme court of that state has given the same construction to their statute as was given to ours in the case of Robbins. *Rhodes* v. *Commonwealth*, 49 Penn. St. 396; *Lane* v. *Commonwealth*, 59 Penn. St. 371.

In *Shaffner* v. *Commonwealth*, 72 Penn. St. 60, the court below charged: " If the prisoner is guilty, there can be no difficulty in ascertaining the degree, for being by poison, it must be in the first degree if purposely administered. . . If you are convinced that he is guilty of the crime, it is murder in the first degree as declared by the act of the assembly, and it is your duty to say so without regard to the consequences to the prisoner." ,

This charge was held not to be erroneous, that it did not take from the jury the *right* of deciding the degree of the crime.

In the opinion it is said : " The language in this case approaches closely the boundary line of peremptoriness, but we can not say it overstepped it, in view of those parts of the charge which left them (the jury) free to act for themselves."

In the present case, the jury were fully instructed as to the several grades of the crime ; but they were left free, if they found the defendant guilty, to fix the grade according to their judgment.

True, they were told that if the defendant purposely killed the deceased in attempting to rob him, the offense was murder in the first degree, and not murder in the second degree. This was correct, and it was the duty of the court to so instruct the jury.

But it is contended that the jury were told, impliedly, by the charge, that they could convict the defendant of murder in the second degree under the first count only.

This is not a valid objection. The means by which the homicide was accomplished is described in the same way in both counts. Hence, if the defendant was guilty of murder in the second degree under the second count, he was necessarily guilty of the same offense under the first count ; and it was, therefore, wholly immaterial as respects the rights of the defendant, whether the verdict, in the event of such finding, was returned under the first or second count. The facts found and the effect would be the same in either case.

We see no error in the refusal of the court to charge the jury as requested as to the degree of proof required to establish drunkenness.

The language of the request was so indefinite and uncertain as to be calculated to confuse and mislead the jury. This is a sufficient reason for its rejection.

A question is made as to the charge on the subject of the intoxication of the defendant at the time of the homicide.

All that it is deemed necessary to say on this point is, that taking the charge as given at the request of the defendant,

in connection with the general charge on the subject, the defendant had all the benefit to which he was entitled on the ground of his intoxication.

The exception in this case was a general one to the whole charge. Where parts of a general charge are excepted to, the objectionable parts ought to be specifically pointed out at the time the exception is taken. *Adams v. The State*, 25 Ohio St. 584.

In the case of Robbins, already referred to, the exception was general to the whole charge. But no objection was made on that ground. The errors in that case, moreover, went to the substance of the crime with which the defendant was charged.

But notwithstanding the imperfect way in which the exception was taken, we have (as the defendant is convicted of a capital offense) considered the errors assigned on the charge, and finding them not well taken, the judgment is affirmed.