White, J.
In the numerous assignments of error in this case there are only two that we find well founded.
The first is as to the refusal of the court to allow the cross-examination of the witness, Iirimmel, by the accused. The witness, on the part of the state, had, in effect, testified that Doctor Turney had been a customer at his drug store, that he had very often filled prescriptions for him, and that he was a good and careful physician. It was proposed, by the cross-examination, to show to the jury the value of the testimony in chief, by showing that the dealings with the doctor, to which the witness had referred in chief, did not justify the professional character for care and skill that the witness had given *369 him. This testimony, we think, the accused had a right to introduce to the jury on the issue upon which it was intended to bear. Martin v. Elden, 32 Ohio St. 282.
The second assignment relates to the charge as to the duty of the jury with respect to the different degrees of homicide. The charge, in effect, told the jury that their duty would be fulfilled, in case .they found the accused guilty, by returning a verdict for murder in the first or second degree, or for manslaughter. The evidence against the accused tended to prove that he purposely killed his wife by administering to her poison ; and it tended to prove no other grade of offense. If the jury found him guilty, it was their duty to find him guilty of murder in the first degree ; but if the charge Avas not proved he was entitled to an acquittal. The court, however, instructed the jury that they might, consistently with their duty, find him guilty of murder in the second degree, or of manslaughter.
This instruction is sought to be justified by the ruling in Robbins v. The State, 8 Ohio St. 131.
As was said by this court, in Adams v. The State, 29 Ohio St. 415: “It was not intended by the ruling in Robbins’ case to deny that it is the right and duty of the court to instruct the jury upon all questions of law arising before them in the case, nor to relieve the jury from the duty of receiving the law as given to them by the court.” 1
“ The principle of the ruling is, that the jury must not be imperatively required to render a verdict for a particular degree of homicide; nor must the instruction be such as to deny to them the power of rendering such verdict as their judgment and conscience dictate after being fully instructed as to their duty.”
The charge in question, in Robbins’ case, was held to be an invasion of the province of the jury; while instructing them as to their duty upon a given state of fact in a case, is no such invasion.
It is claimed, that the accused was not prejudiced by the erroneous charge. We have all the evidence before us, and cannot say so. The evidence was wholly circumstantial, and *370 we are unable to say that the jury might not have acquitted him had they been properly instructed. As to this point, see Pliemling v. The State, 46 Wis. 516, 523; The State v. Mahly, 68 Mo. 315, 318.

Judgment reversed, new trial granted, and cause remanded.