Donahue, J.
The record in this case presents but' one question. It is not contended that the charge as given is incorrect in any particular except in the omission of the court, to inform the *449 jury that under this indictment it might find the defendant not guilty of shooting with intent to kill and not guilty of shooting with intent to wound but guilty of assault and battery. The defendant did not specifically request such a charge to be given, nor did he specifically except to the charge as given, but did except to the charge generally. It is now the settled law of this state that an indictment charging shooting with intent to kill or shooting with intent to wound, or both of these offenses, includes the lesser offenses of assault and battery and assault. Stewart v. State, 5 Ohio, 241; White v. State, 13 Ohio St., 569; Heller v. State, 23 Ohio St., 582; Marts v. State, 26 Ohio St., 162; State v. Johnson, 58 Ohio St., 417; Lindsey v. State, 69 Ohio St., 215.
Section 13692, General Code, provides, among other things, that “When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof.”
Section 13675, General Code, regulates the procedure in the trial of criminal cases. Paragraph 7 of that section requires that after the argument is concluded and before proceeding with other business the court shall forthwith charge the jury. This statute was passed after the decision of this court in the case of Jones v. State, 20 Ohio, 34, and the conclusion reached in that case was predicated upon the fact that there was then no rule of law requiring the court of its own motion to instruct the jury. For that reason that case has no application to the case at bar, . because Section 13675, General Code, now makes it the *450 duty of the trial court to charge the jury forthwith upon the conclusion of the argument, and this of course means that the court shall charge upon all the issues in the case. The doctrine announced in the case of B. & O. Railroad Co. v. Lockwood, 72 Ohio St., 586, adds nothing to the force of this statute, for any fair construction of the language used in this section means just what was held in that case. True, the decision reached there was predicated upon the statement that “The code of civil procedure carefully distinguishes issues of fact which may be tried by a jury and issues of law or fact which must be tried by the court.” But undoubtedly the rule would apply to 'criminal as well as to civil cases. Therefore, it is now a settled rule of practice in this state that it is the duty of the trial court, both in criminal and civil cases, to separately and definitely state to the jury the issues they are to try, accompanied by such instruction as to each issue as the nature of the case may require. Measured by this rule this charge is defective in that it fails to definitely cover all the issues in the case. It is equally a settled rule of practice in this state that where the charge as given is free from prejudicial error but fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions requested and refused, provided the jury is not misled by the charge as given. Columbus Railway Co. v. Ritter, 67 Ohio St., 53; Schryver v. Hawks and Bierce, 22 Ohio St., 309; Smith v. P. Ft. W. & C. Railway Co., 23 Ohio St., 10; Pretzinger v. Pretzinger, 45 Ohio St., 452; Rolling Mill Co. v. Corrigan, 46 Ohio St., 283.
*451 It does not appear how the jury could have been misled by this charge. The court did give a correct charge covering the offense of shooting with intent to wound, and the defendant was found guilty of that offense. That he might, under such an indictment, be found guilty of assault and battery, would in no wise aid the jury in determining his guilt or innocence of the charge of shooting with intent to wound. It may occur in actual practice that a jury, seeking to avoid a disagreeable duty, might be inclined to find the defendant guilty of a lesser crime than the evidence warrants, but there is no justification in law for the jury so doing, and the presumption is that the .jury does its duty in that respect and proceeds in the orderly consideration of the cause submitted, and that it is only when it determines that the accused is not guilty either of shooting with intent to kill or not guilty of shooting with intent to wound that it comes to the consideration of his guilt or innocence of the lesser offenses, included in this indictment. In such event it would seem that it would be to the interest of the accused and to the prejudice of the state for the trial court to neglect to charge that the accused might be found guilty of assault and battery, for if the jury determine that he is guilty’of neither of the major offenses charged it would not then consider his guilt or innocence of the included offense of assault and battery, but would pass to the consideration of the next lesser offense of assault only.
This court, however, did hold in the case of Beaudien v. The State of Ohio, 8 Ohio St., 634, 635, that it was error prejudicial to the accused *452 for the court to charge the jury upon the trial of an indictment for murder in the first degree that if the jury should find the defendant guilty of the homicide it must find him guilty of murder in the first degree. The charge in that case, however, peremptorily limited the authority of the jury to determine the grade of the homicide. Upon a plea of not guilty and a trial upon the issues so joined by the averments of the indictment and such plea, it is the province of the jury, not the court, to determine the grade of the offense, and in such case the court cannot deny to the jury the power of rendering such verdict as its judgment and conscience may dictate. Adams v. State, 29 Ohio St., 412. The charge, therefore, as given was clearly erroneous and not merely an omission to give a correct charge pertinent to the issue, and we think this court very properly held that such peremptory limitation of the jury’s right and authority to fix the degree of the homicide was prejudicial to the defendant. In this case the charge as given contained no such error, and while the court should have given the further charge in relation to assault and battery, yet mere failure to give further proper instructions is not the equivalent of the giving of an erroneous charge, nor is it the equivalent of a refusal to give a proper charge when requested.
Counsel for the accused did not call the court’s attention to its omission to charge in reference to assault and battery. He did not even specifically except to the charge for that reason.
In the case of Columbus Railway Co. v. Ritter, supra, Judge Price in the opinion calls attention to *453 the duty of counsel as well as to the duty of the court, and among other things very pertinently says: “The court may neglect or omit to fully instruct upon some important issue or issues in the case, and in that event, comes the duty of counsel, in order that full and complete justice be done, to call the attention of the court to such omission and request the further charge desired.” Any other rule than this would be a positive hindrance to the administration of justice. Undoubtedly it is the duty of a trial court to afford the accused a fair and impartial trial, and to that end should carefully and fully charge upon every issue in the case. But there are some responsibilities resting upon counsel. It is his duty to aid the court in the administration of justice, and he cannot be permitted to take advantage of his own wrong or his own dereliction. When a court makes a fair and honest effort to charge the jury fully and correctly on all the issues in the case but unintentionally and inadvertently omits to charge with reference to some issue, and particularly an issue that has not been prominent in the trial of the cause, counsel may not sit by in silence without making any effort whatever to secure such charge to be given and then demand a reversal of the judgment by reason of such mere inadvertance or oversight of the court.
However that may be, this record does not present to this court the questions sought to be made by counsel for defendant in error. It is a well-settled rule of practice in this state that a general exception to the charge as given does not present to the reviewing court any errors of the trial court in failing to give further instructions.
*454 Section 11561, General Code, provides that '“A general exception taken to a charge of a court shall apply to all errors of law which exist in such charge .that are material and prejudicial to the substantial right of the party excepting.” Prior to the enactment of this statute it was uniformly held that where exceptions were taken to a general charge, unless the party excepting pointed out specifically the part or proposition of the charge excepted to, or the ground of his exception, a reviewing court was not bound to take notice of the exceptions. Adams v. State, 25 Ohio St., 584; Marietta & Cincinnati Railway Co. v. Strader & Co., 29 Ohio St., 448; Adams v. State, 29 Ohio St., 412; P. Ft. W. & C. Railway Co. v. Probst, 30 Ohio St., 104; Western Insurance Co. v. Tobin, 32 Ohio St., 77.
Section 11561, General Code, changes this established rule of practice only to the extent and only in the particulars mentioned. In the case of Railway Company v. Ritter, supra, this court held that by the clear and unambiguous language of this section (11561, General Code), a general exception taken to any charge of the court applies only to errors of law which exist in such charge and does not reach an omission or failure to give further correct instructions. The second proposition of the syllabus in that case fully and emphatically disposes of this question and leaves no chance for further contention in reference thereto. That paragraph of the syllabus reads as follows: “A general exception to the charge of the court as now permitted by Section 5298, Revised Statutes [Section 11561, General Code], is effectual only as *455 to errors oi law existing in the charge as given, and does not bring in review on error, an omission or failure to give further proper instructions.”
In the case of the State of Ohio v. Schiller, 70 Ohio St., 1, Judge Crew in discussing this question, page 8, uses this language: “The only exception taken or noted by counsel for defendant, is a general exception to the charge as a whole. It is a familiar and very general rule of practice, applicable alike to criminal and civil causes, that mere partial non-direction, or incomplete instruction, as to a particular matter or issue, does not of itself constitute reversible error, in the absence of a request for more specific and comprehensive instructions upon the particular point or issue involved.” This, we think, is a proper statement of the law and is dispositive of this case.

Judgment of the circuit court reversed and judgment of the common pleas court affirmed.

Shauck, Johnson, Wanamaker, Newman and Wilkin, JJ., concur. Nichols, C. J., not participating.