COWDREY *v.* THE STATE OF OHIO.

*Criminal law — Conviction of lesser offense — Indictment for first degree murder — Homicide by poisoning — Verdict for second degree murder — Nonprejudicial error.*

1. In a prosecution for murder in the first degree, where the crime was committed by means of poison, a jury may render a verdict of murder in the second degree, under the provisions of Section 13692, General Code.
2. Where the jury in the exercise of its discretion returns a verdict of a lesser degree than that charged in the indictment, the defendant can not be heard to complain.

(Decided May 26, 1919.)

ERROR: Court of Appeals for Butler county.

*Messrs. Andrews & Andrews,* for plaintiff in error.

*Mr. Ben A. Bickley,* prosecuting attorney, for defendant in error.

CUSHING, J.   Plaintiff in error, William Harrison Cowdrey, was indicted for murder in the first degree, the crime having been committed by means of poison.   By its verdict, the jury found him not guilty of murder in the first degree, but guilty of murder in the second degree.   After conviction, and before sentence, he filed a motion to be discharged from custody.   This motion was overruled.   No bill of exceptions was taken.   The case comes up on the verdict, the sentence, and the motion to discharge.   He prosecutes error, claiming that as a matter of law there could not be a verdict of second degree murder in a poison case.

Murder in the first degree is defined and the pleadings and practice are governed by Sections 12400, 12401 and 12402, General Code.   Murder in the second degree is governed by Section 12403, General Code, viz:

"Whoever, purposely and maliciously kills another, except in the manner described in the next three preceding sections, is guilty of murder in the second degree."

When murder has been committed by means of poison, it seems logically incorrect to find the offender guilty of murder in the second degree. Section 13692, General Code, provides that when an indictment charges an offense, including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof.   These statutory provisions relating

to crimes must be construed together. The language of Section 13692, General Code, is clear. It vests the jury with a discretion that a court may not control.

"The jury have the undoubted power to fix the crime in the second degree when it ought, under the law and facts, to be fixed in the first. 'We need not speculate why it was so provided. It is sufficient that it was so written, and we can not change, alter, or depart from it.'" *State* v. *Lindsey*, 19 Nev., 47, 52. See, also, *Lindsey* v. *State*, 69 Ohio St., 215, 233, 235.

This conclusion is supported by the weight of authority. See *State* v. *Phinney*, 13 Idaho, 307, and the note to the same case in 12 L. R. A., N. S., 935, and authorities cited.

In the absence of a bill of exceptions this court will assume that the trial established a state of facts that would support the verdict and judgment. If the verdict had been "guilty of murder in the first degree," the same presumption would prevail.

"In such a case, the reviewing court will presume that the judgment was founded on proper proof." *Sidener* v. *Hawes*, 37 Ohio St., 532, and *Caldwell Co. et al.* v. *Peck Williamson Co.*, 6 C. C., N. S., 634.

When a jury in the exercise of its discretion returns a verdict of a lesser degree than that charged in the indictment, the prisoner will not be heard to complain.

The judgment of conviction is therefore affirmed.

*Judgment affirmed.*

SHOHL, P. J., and HAMILTON, J., concur.