Kunkle, J.
This is an action in habeas corpus. Defendant in error, William Harrison Cowdrey, *60 seeks to obtain his release from the Ohio Penitentiary. The habeas corpus proceeding was brought in this county. Defendant in error, Cowdrey, was indicted in Butler county, Ohio, and charged with murder in the first degree. The indictment was in three counts and charged murder in the first degree by the administration of poison.
Defendant in error was convicted of murder in the second degree under the third count of the indictment and was sentenced to life imprisonment in the Ohio Penitentiary.
The third count of the indictment charged that the defendant “Did unlawfully, purposely and of deliberate and premeditated malice' with the intent one Lorel Wardlow unlawfully, purposely and of deliberate and premeditated malice and by means of poison to kill- and murder did give and administer a large quantity of poison called arsenic, * * * which arsenic was put in water,”, etc.
After being convicted by a jury in the Butler county court of common pleas defendant in error Cowdrey filed a motion in such court asking for his discharge, and also filed a motion for a new trial.
Both motions were overruled, and, as above stated, defendant in error was sentenced to the Ohio Penitentiary for life.
It was admitted by counsel in the argument of this case that the judgments of the lower court upon such motions were- affirmed by the court of appeals of Butler county; that no bill of exceptions was filed in such court; and that the supreme court refused a motion for leave to file a petition in error.
The court of common pleas of Franklin county sustained the petition in habeas corpus and ordered *61 defendant in error discharged from the Ohio Penitentiary.
A petition in error has been filed in this court for the purpose of reviewing such judgment, and the order discharging defendant in error from the Ohio Penitentiary has been suspended pending the hearing and determination of this proceeding in error.
A motion has been filed in this court to quash the proceeding in error upon, the ground that this court has no jurisdiction to review a judgment of the court of common pleas in a habeas corpus proceeding.
It has been held in the case of Henderson v. James, Warden, 52 Ohio St., 242, that a judgment of thé court of common pleas in a habeas corpus proceeding is reviewable on error, and we think such judgment is also clearly reviewable under Section 6, Article IV of the Constitution as amended in 1912.
The motion to quash will, therefore, be overruled.
The next question for consideration relates to the jurisdiction of the common pleas court of Franklin county, Ohio, in the habeas corpus proceeding.
It is clearly settled in this state that the writ of habeas corpus cannot be made a substitute for a proceeding in error.
In the case of Ex parte Shaw, 7 Ohio St., 81, the first paragraph of the syllabus is as follows:
“A habeas corpus can not be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdic *62 tion. Imprisonment under a sentence can not be unlawful, unless the sentence is an absolute nullity. If clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus; if avoidable, a writ of error is the appropriate remedy.”
See also Ex parte Van Hagan, 25 Ohio St., 426.
In the case of In re Winslow, 91 Ohio St., 328, the court in conclusion says:
“If the court in sentencing him did not act under this statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous and voidable but not void. The error was not a jurisdictional one and it cannot be reviewed in a proceeding in habeas corpus
See also In re Allen, 91 Ohio St., 315; Bly v. Smith, Sheriff, 94 Ohio St., 110; State, ex rel. Conners, v. DeMuth, 96 Ohio St., 519; In re Application of Rosenthal, 25 C. C., N. S., 383, and McGorray, Sheriff, v. Sutter, 80 Ohio St., 400.
From a consideration of the authorities cited we are of opinion, that, where the complainant is detained under a sentence which has been imposed by a court, a writ of habeas corpus cannot be allowed unless there is an absolute want of jurisdiction upon the part of the court imposing such sentence.
For errors or irregularities which may have occurred in the proceedings, in a court having jurisdiction, the law provides a Remedy for the correction of such errors or irregularities by a proceeding in error, not by a proceeding in habeas corpus.
*63 Where error is prosecuted from the judgment of the lower court the reviewing court may set aside the conviction in a proper case and remand the case for new trial or for a new sentence.
In a habeas corpus case, if the writ is allowed, the necessary result would be to discharge the accused.
The courts, particularly in our own state, have, therefore, strictly limited the jurisdiction in a habeas corpus case so as to prevent an improper application of the writ in cases where the accused should be retained for a new trial, or be resentenced instead of being discharged.
In the case at bar it is conceded that the court of common pleas of Butler county had jurisdiction of the person of the defendant in error and that there was a valid indictment against defendant in error of murder in the first degree.
This conferred upon the court of common pleas of Butler county jurisdiction of the subject-matter involved in the indictment.
It is claimed by counsel for defendant in error that the indictment upon which Cowdrey was tried and convicted gave the Butler county court of common pleas no jurisdiction except to convict or acquit the defendant in error of murder in the first degree, and that thet verdict of murder in the second degree, and the judgment and sentence thereon of the court of common pleas of Butler county, were not merely voidable but were absolutely .void.
The indictment was based upon Section 12400, General Code, which provides as follows:
“Whoever, purposely, and either of deliberate and premeditated malice, or by means of poison, or *64 in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, kills another is guilty of murder in the first degree,” etc.
Section 12403, General Code, provides:
“Whoever, purposely and maliciously kills another, except in the manner described in the next three preceding sections, is guilty of murder in the second degree and shall be imprisoned in the penitentiary during life.”
Section 13692, among other things, provides:
“When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof. If the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly.”
Section 13583 provides:
“In an indictment for murder in the second degree or manslaughter, the manner in which, or .the means by which the death was caused need not be set forth. It shall be sufficient in an indictment for murder in the second degree to charge that the defendant did purposely and maliciously, and for manslaughter that the defendant did unlawfully, kill the deceased.”
In the case of Robbins v. State, 8 Ohio St., 131, in the last paragraph of the syllabus, it is held:
“The statute having required that, ‘in all trials for murder,’ the jury shall, if they find the defendant guilty, ascertain from the evidence before them the degree of the homicide, it is error for the court to instruct the jury, on the trial of an indictment *65 for murder in the first degree by means of poison, that, in this kind of a case, murder is not of different degrees, and that, therefore, if they find the defendant guilty as he stands charged in the indictment, they must return a verdict for murder in the first degree.”
This decision was rendered by a divided court, but it has never been overruled or modified by any subsequent decision of our supreme court.
In some jurisdictions this decision has been criticised and disapproved and in others it has been followed.
Counsel for defendant in error claims that our statutes have been materially changed since the decision in the Robbins case.
At the time of the decision of our supreme court in the Robbins case the statute providing for a conviction upon included offenses applied to trials in murder cases.
The statute was subsequently amended so as to apply to all cases of included offenses.
We do not think this amendment changed the effect of the law as to murder cases.
The Robbins case was approved in the case of Adams v. State, 29 Ohio St., 412, and it was there held:
•“Under section thirty-nine of the crimes act, it is within the lawful province of the jury, in all trials for murder, to determine the grade of the crime.”
The case of Lindsey v. State, 69 Ohio St., 215, was a case wherein the defendant was indicted for murder in attempting to commit a robbery, and it was held in the third paragraph of the syllabus:
*66 ■ “An indictment, which charges, in proper form, an attempt to commit robbery, and then avers that the defendant, with others, in such attempt, did unlawfully and purposely, by means of a revolver loaded with gunpowder and a leaden bullet, shoot the deceased, with intent to unlawfully and purposely kill and murder him, and did, by means of the shooting, strike, penetrate, and wound him, with intent unlawfully and purposely to kill and murder him, thereby giving him a mortal wound from which he instantly died, and that by these means, they did unlawfully, purposely, and in an attempt to perpetrate a robbery, kill and murder the deceased, sufficiently charges murder in the second degree, although the word malice is not employed in the indictment in describing the act.”
In a collateral proceeding of habeas corpus, jurisdiction is determined from the scope of the indictment in the original case. We do not have the evidence taken in the trial in the Butler county case before us, nor do we know from the record what occurred in the trial of that case. We do know, however, that a sufficient indictment for murder in the first degree was returned against the defendant in error in Butler county, Ohio, and that he was convicted and sentenced in Butler county, Ohio, for murder in the second degree.
Various cases have been cited which involve the charge of the trial court upon the evidence in cases involving murder by poison and also in cases involving murder in the perpetration of robbery.
We think the case at bar is distinguishable from cases where the trial court hearing the evidence is *67 required to submit an appropriate charge upon the evidence which has been introduced.
We have not been referred to any case where a verdict of murder in the second degree under an indictment similar to the one under consideration has been held to be a nullity.
The case of Dresback v. State, 38 Ohio St., 365, is relied upon by counsel for defendant in error.
In this case it is held:
“On the trial of an indictment for murder in the first degree, charging the accused with purposely killing another by administering poison, the evidence tending to show no other grade of offense, it is error to charge the jury to the effect that if they find the accused guilty their duty will be fulfilled by convicting of murder in the first or second degree, or manslaughter. And where the verdict is returned for a lower grade of homicide than murder in the first degree, a new trial should be granted, where it appears from the evidence that a verdict of acquittal might have been rendered had the jury been properly instructed.”
The Dresback case■ involved the irregularity of the trial.
There was a conviction of murder in the second degree in the Dresback case, and in the syllabus and also in the opinion of that case it is dearly held that the verdict of murder in the second degree was ground for a new trial.
In order to sustain the contention of counsel for defendant in error the court in the Dresback case should have held that the verdict of murder in the second degree was a nullity, and should have dis *68 charged the defendant. We think the fact that the court in the Dresback case ordered a new trial is a sufficient answer to the claim of counsel for defendant in error that such verdict and sentence thereon were null and void.
The case of State v. Schaeffer, 96 Ohio St., 215. is a case which arose upon the evidence. The court held that where the death of the party struck by the automobile was instantaneous there was no element of assault and battery.
On page 228 of that opinion the Lindsey case, above referred to, is mentioned, but the same is not disapproved or even criticised in so far as different degrees of murder are concerned.
We have carefully examined the authorities cited in the very exhaustive briefs which have been filed by counsel, but will not attempt to discuss or review such authorities in detail.
It should be noted that error was prosecuted to the court of appeals of Butler county from the conviction and sentence of the common pleas court of Butler county.
The judgment of the court of common pleas was affirmed by the court of appeals. (Cowdrey v. State, 11 Ohio App., 291.)
An application to file a petition in error seeking' the reversal of the judgment of the court of appeals of Butler county was presented to the supreme court, and such application was rejected.
The fact that the supreme court refused leave to file a petition in error from the judgment of affirmance of the original case is some indication of the views of the supreme court upon the validity of the sentence in question.
*69 From a careful consideration of all the authorities cited by counsel we are of opinion that the verdict of murder in the second degree, and the sentence thereon, were not absolutely void, and therefore that a writ of habeas corpus should not be allowed.
The judgment of the court of common pleas of Franklin county will be reversed and final judgment will be rendered in favor of plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Allread and Ferneding, JJ., concur.