Wanamaker, J.
The one big question involved in this case arises out of the charge and refusal to charge of the common pleas court upon trial on an indictment of murder in the first degree committed in the perpetration of a robbery, under Section 12400, General Code.
The ruling of the court on this question appears from a very full and exhaustive opinion on the motion for a new trial, based chiefly on the alleged error referred to above.
The view of the trial judge in that respect is best stated in his ruling on the motion for new trial, which is in the following language:
“Where an indictment charges a defendant with purposely killing another while perpetrating robbery upon him, no other class of homicide being charged, and the evidence tending to prove no other grade of the crime, no instruction should be given the jury concerning murder in the second degree, or manslaughter, nor should verdicts therefor be submitted to the jury.”
For the purpose of clarifying earlier decisions of this court, which undoubtedly have left the state of the law in more or less confusion, this case was admitted in the hope that a further study of the law would lead to a simplification of its status and a reconcilement of those earlier decisions, which have been largely responsible for the present uncertainty of the law; all with a view to conserve the legal rights of both the state and the accused.
The charge of the court to the jury should naturally and necessarily include a simple and orderly statement of the issues of fact and the rules of law *387 applicable thereto and helpful to the jury in the determination of those several issues of fact, upon which their verdict is to be based. ■
But, what are the issues of fact with which the jury are to deal in the case at bar, and from whence do they arise ?
In civil cases, the issues of fact tried by the jury arise out of the pleadings. This is a sound and salutary rule.
The principle is that all parties in such cases should be advised in advance as to the issues thereof, and that, thereafter, unless amended, the evidence must be confined to the issues so raised.
But, in criminal cases, the rule is naturally and necessarily different from that in civil cases.
The indictment, information, or affidavit in a criminal prosecution, necessarily confines the state to the charge made against the defendant, in order that the defendant shall know, as the constitution provides, “the nature of the accusation against him.”
But the defendant is not limited or confined to a literal plea of not guilty. He may interpose any pertinent defense in the evidence, relying either upon the evidence of the state, or upon the evidence that he himself may tender to support his defense, or upon both, however numerous his defenses may be. Among the very common defenses are those of alibi, self-defense, insanity, accident, drunkenness, or any other defense the defendant may see fit to interpose which the law has recognized as proper and adequate in whole or in part, and such defenses in the course of our legal procedure inherently and *388 necessarily arise very largely from the evidence both of the state and the accused.
A court would not have done its legal duty to the accused if it failed to charge the law upon the material issue of fact, if such failure would reasonably result to the injury or prejudice of the accused; and, by parity of reason, such court would equally fail in its legal duty to the state if it charged upon some, material issue of fact which did not arise out of the evidence in the case.
An example would not be amiss. Suppose that the court were to charge self-defense where there was an entire absence of evidence tending to raise such an issue. Such an issue of fact would itself impliedly suggest that the defendant had used some measure of the force charged in the indictment, which under all the evidence in the case was denied by the defendant. Such charge would be manifestly injurious and prejudicial, simply because there was no evidence before the jury to justify such charge.
The basic, elemental question in this case is, therefore, Was there any evidence submitted to the jury in the trial of this cause from which any reasonable inference of murder in the second degree, or manslaughter, might be drawn or inferred?
The trial judge held there was no such evidence to support any lesser degree of homicide. The court of appeals in dealing with this phase of the case used this language:
“The burden of the defense was an alibi. * * * Bandy himself testified and denied any connection whatever with the crime. No evidence was offered *389 ' and no issue was raised but that the murder as charged was committed by the occupants of the car. No evidence was offered and no claim was made tending to dispute the circumstances of the crime nor to reduce the grade of the offense. As the evidence stood, if Bandy was identified beyond a- reasonable doubt as one of the perpetrators of the crime he was guilty as charged in the indictment. If the evidence did not so identify him as one of the perpetrators of the crime then he was entitled to an acquittal. We think there was no foundation for any intermediate grade. The trial court charged the jury upon murder in the first degree and refused to charge or furnish verdicts for any lesser grade of murder. The jury were charged that if the evidence was not sufficient to convict defendant of murder in the first degree he should be acquitted.
“Counsel for plaintiff in error challenge the correctness of the court’s charge in this respect. It is claimed that the court had no right to limit 'its charge to murder in the first degree or acquittal, and that it was the province of the jury under Section 13692 to fix the grade.
“It is not important in the status of this case to express an opinion as to whether a possible or supposable state of evidence might justify a charge upon the lesser or included offenses. The charge of the court should be limited to those features which the evidence tends to support. While the charge of the court should not go beyond the indictment yet it is equally well settled that it should be appropriate to the evidence. In the case at bar the defendant, Bandy, was either guilty of murder *390 in the first degree as charged or he was not guilty and the court properly so limited its charge.
“This proposition is settled in Ohio by the cases of Dresback v. State, 38 Ohio St., 365, and State v. Schaeffer, 96 Ohio St., 215.”
A careful examination of the record in this case clearly confirms the holding of the trial judge and of the court of appeals, that there was an entire absence of evidence tending to show any other grade of homicide than that of murder in the first degree committed in the perpetration of a robbery. If there was a failure of proof in this behalf as to murder in the first degree, touching the robbery, there. was under the evidence in the record a like failure of proof as to the evidence necessary to'establish any other grade of homicide.
Now the one question remaining to be determined is this, Does the abstract, literal charge made in the indictment, in and of itself, and wholly apart from the question of evidence in the case, require under our legal procedure, as modified by the statutes and interpreted by the courts, a specific charge upon the lesser grades of homicide? If such charge be required, then the judgments below must be reversed.
We have examined the authorities state and federal dealing directly with this question, the same as if it were an original one in Ohio. One of the most illuminating and instructive discussions, amounting _ to what we believe to be a demonstration of a sound legal principle, appears in the federal case of Sparf & Hansen v. United States, 156 U. S., 51. The syllabus of that case, so far as pertinent, reads:
*391 “Section 1035 of the Revised Statutes does not authorize a jury in a criminal case to find the defendant guilty of a less offense than the one charged, unless the evidence justifies it; but it enables the jury, in case the defendant is not shown to be guilty of the particular crime charged, to find him guilty of a lesser offense necessarily included in the one charged, or of the attempt to commit the one charged, when the evidence permits that to be done.
“On the trial in a court of the United States of a person accused of committing the crime of murder, if there be no evidence upon which the jury can properly’find the defendant guilty of an offence included in or less than the one charged, it is not error to instruct them that they cannot return a verdict of guilty of manslaughter, or of any offence less than the one charged; and, in such case, if the defendant was not guilty of the offence charged, it is the duty of the jury to return a verdict of not guilty.”
This brings us directly to the language in federal Section 1035, Revised Statutes of the United States. (17 Stats. at Large, 198; U. S. Comp. Stats., Section 1701; Barnes’ Fed. Code, Section 1439.) That section, so far as relative, reads:
“In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged: Provided, That such attempt be itself a separate offense.”
*392 The rather remarkable similarity between that statute and the Ohio statute dealing with the same subject-matter will readily appear from an examination of our Section 13692, General Code, which reads:
“Upon an indictment, the jury may find the defendant not guilty of the offense charged but guilty of an attempt to commit it, if such attempt is an offense at law. When the indictment charges an offense including different degrees, the jury may find the defendant not guilty .of the degree charged and guilty of an inferior degree thereof,” etc.
It should be noted that both sections deal with included degrees of homicide in the major charge.
The reasoning of the supreme court of the United States should therefore be very helpful in considering what should be sound reasoning under the Ohio statute.
The opinion of the supreme court of the United States, expressed through Justice Harlan, appears in the following language of the Sparf case, at page 63:
“The court below assumed, and correctly, that section 1035 of the Revised Statutes did not authorize a jury in a criminal case to find the defendant guilty of a less offence than the one charged, unless the evidence justified them in so doing. Congress did not intend to invest juries in criminal cases with power arbitrarily to disregard the evidence and the principles of law applicable to the case on trial. The only object of that section was to enable the jury, in case the defendant was not shown to be guilty of the particular crime charged, and if the *393 evidence permitted them to do so, to find him guilty of a lesser offence necessarily included in the one charged, or of the offence of attempting to commit the one charged. Upon a careful scrutiny of the evidence, we cannot find any ground whatever upon which the jury could properly have reached the conclusion that the defendant Hansen was only guilty of an offence included in the one charged, or of a mere attempt to commit the offence charged. A verdict of guilty of an offence less than the one charged would have been in flagrant disregard of all the proof, and in violation by the jury of their obligation to render a true verdict. There was an entire absence of evidence upon which to rest a verdict of guilty of manslaughter or of simple assault. A verdict of that kind would have been the exercise by the jury of the power to commute the punishment for an offence actually committed, and thus impose a punishment different from that prescribed by law.”
No language could be more pertinent or persuasive in logic than the language of the immortal Harlan, and it is exceedingly apt and appropriate in the case at bar.
Justice Harlan seems to have very thoroughly gone into similar cases from the various states having statutes similar to the federal statute, and as a result of this exhaustive examination he says at page 103:
“These views are sustained by a very great weight of authority in this country. In People v. Barry, 90 California, 41, which was a criminal prosecution for an assault with intent to commit *394 robbery, the accused having been twice before convicted of petit larceny, it was held not to be error to refuse to instruct the jury that under the charge they might find him guilty of simple assault, because ‘the evidence tended to show that he was guilty of the crime charged or of no offence at all,’ and, therefore, ‘the instruction asked was not applicable to the facts of the case;’ in People v. McNutt, 93 California, 658, the offence charged being an assault with a deadly weapon and with intent to commit murder, that an instruction that the jury might convict of a simple assault could have been properly refused, because ‘under the evidence he was either guilty of an offence more serious than simple assault or he was not guilty;’ in Clark v. Commonwealth, 123 Penn. St., 81, a case of murder, that the omission of an instruction on the law of voluntary manslaughter, and the power of the jury to find it, was not error, because the murder was, deliberate murder, and ‘there was no evidence on which it could be reduced to a milder form of homicide;’ * *
Mr. Justice Harlan submits and reviews similar authorities in State v. Lane, 64 Mo., 319; McCoy v. State, 27 Tex. Crim. App., 415; State v. McKinney, 111 N. C., 683; State v. Musick, 101 Mo., 260; State v. Casford, 76 Ia., 330; Jones v. State, 52 Ark., 345; Obrien v. Commonwealth, 89 Ky., 354; State v. Estep, 44 Kans., 572, and a number of other cases to the same effect.
In each one of these cases the final reasoning is “if there was nothing in the evidence to justify the court in so instructing the jury.”
*395 The doctrine in the Sparf case was under consideration and review in the case of Davis v. United States, 165 U. S., 373, wherein Justice Brewer concludes the opinion of the court with the following language (page 378) :
“The last instruction asked was in reference to manslaughter. But under the evidence there was no occasion for any statement of the law on this. There was no testimony to reduce the offense, if any there was, below the grade of murder.”
This case quotes with approval the Sparf case, supra, and also the case of Stevenson v. United States, 162 U. S., 313.
In the latter case, the question was whether the issue of manslaughter should be charged upon by the trial court. The court, applying the doctrine laid down in the Sparf case, held that such a charge should be given .for the following reason, as appears in the syllabus:
“1. The issue of manslaughter, as well as those of murder and of self-defense, should be submitted to the jury where a homicide was committed by shooting immediately after the victim had entered the room and had once fired at and missed the accused when the latter was laboring under great excitement resulting from an altercation just before in which each had threatened the life of the other.
“2. The issue of manslaughter raised by evidence cannot be taken from the jury because of other evidence of a different kind.”
To the same effect are the following cases: State v. Cater, 100 Ia., 501; numerous cases in Illinois, one of the leading ones being Crowell v. *396 People, 190 Ill., 508; People v. Ezzo, 104 Mich., 341; State v. Alcorn, 137 Mo., 121, and Parker v. State, 40 Tex. Crim. App., 119.
In view of the overwhelming weight of authority in other states having similar statutes and likewise of federal decisions under a statute substantially similar to that now prevailing in Ohio, Section 13692, it is more than passing strange that there should be confusion upon this question under various decisions of the supreme court of this state.
A brief review of them may not be amiss in clarifying the law upon this subject.
An early leading case is that of Robbins v. State, 8 Ohio St., 131. The indictment in that case charged murder in the first degree by administering poison. The last section of the syllabus, which is chiefly relied on for reversal in this case, is as follows :
“The statute having required that, 'in all trials for murder/ the jury shall, if they find the defendant guilty, ascertain from the evidence before them the degree of the homicide, it is error for the court to instruct the jury, on the trial of an indictment for murder in the first degree by means of poison, that, in this kind of a case, murder is not of different degrees, and that, therefore, if they find the defendant guilty as he stands charged in the indictment, they must return a verdict for murder in the first degree.”
It should be here noted that the statute then in force, dealing with the same subject-matter as our present statute, Section 13692, differed materially in its provisions from the present law.
*397 First, the statute provided that the jury should pass upon the general blanket charge of murder, and then, if they found the defendant guilty, they “shall ascertain in their verdict, whether it be murder in the first or second degree, or manslaughter.” In the present statute it will be noted that this mandatory requirement on the part of the jury is omitted, and the jury now first pass upon the actual degree of murder charged, not upon the blanket degree of murder. That mandatory duty, then required by the statute, was doubtless responsible for the decision in that case.
But, more than that, one of the issues in that case was that of purpose to kill, and there was evidence offered tending to show that while poison may have been administered it was administered not for the purpose of killing Nancy Holly, the deceased, but of accomplishing an abortion or miscarriage, so that there was an issue under the evidence as to whether or not there was a purpose to kill. We have no quarrel with the judgment or course of reasoning by which it was reached under the then statute reviewed in the Robbins case.
The case of Beaudien v. State, decided by the same court at the same term, 8 Ohio St., 635, was under the same statute. In that case both parties, plaintiff and defendant, agreed in open court, in the presence of the jury and the presiding judge, that the defendant was guilty of murder in the first degree or guilty of nothing. But the court held that it was error not to submit the question of second degree and manslaughter to the jury, in view of the mandatory character of the then statute. This *398 seems like a far-fetched and much-strained decision. If a prisoner by himself or his counsel may enter a plea of guilty as to any offense, and thus waive a trial by jury in whole, it would seem that he has the undoubted right of waiving the right of trial by jury by his own admissions as to one of the issues raised in the case, for if he may admit the truth of all he may admit the truth of any one; and it would seem that he should be bound by such admission in the interest of the administration of justice.
But that case does not deal"with the present form of the statute.
The next case is that of Adams v. State, 29 Ohio St., 412. Judge White in rendering the opinion says at page 415: “It was not intended by the ruling above referred to in Robbins’ case, to deny that it- is the right and duty of the court to instruct the jury upon all questions of law arising before them in the case; nor to relieve the jury from the duty of receiving the law as given to them by the court.”
On the same page Judge White refers to the following Pennsylvania cases with approval:
“In Pennsylvania, the statute is similar to the statute in this state; and the supreme court of that state has given the same construction to their statute as was given to ours in the case of Robbins. Rhodes v. Commonwealth, 48 Penn. St. 396; Lane v. Commonwealth, 59 Penn. St. 371.
“In Shaffner v. Commonwealth, 72 Penn. St. 60, the court below charged: ‘If the prisoner is guilty, there can be no difficulty in ascertaining the degree, for being by poison, it must be in the first degree if *399 purposely administered. * * * If you are convinced that he is guilty of the crime, it is murder in the first degree as declared by the act of the assembly, and it is your duty to say so without regard to the consequences to the prisoner.’ ”
Judge White continues, at page 416:
“True, they were told that if the defendant purposely killed the deceased in attempting to rob him, the offense was murder in the first degree, and not murder in the second degree. This was correct, and it was the duty of the court to so instruct the jury.”
When the Adams case was decided the supreme court of Ohio was composed of such eminent judges as Welch, White, Gilmore, Mcllvaine and Boynton, a most distinguished array. There was no dissent from the judgment or opinion.
Later came the Dresback case, as reported in 38 Ohio St., 365. The indictment in that case charged that the plaintiff in error purposely killed his wife by administering poison to her. The second paragraph of the syllabus reads:
“On the trial of an indictment for murder in the first degree, charging the accused with purposely killing another by administering poison, the evidence tending to show no other grade of offense, it is error to charge the jury to the effect that if they find the accused guilty their duty will be fulfilled by convicting of murder in the first or second degree, or manslaughter. And where the verdict is returned for a lower grade-of homicide than murder in the first degree, a new trial should be granted, where it appears from the evidence that *400 a verdict of acquittal might have been rendered had the jury been properly instructed.”
In the opinion Judge White says, page 369:
“The second assignment relates to the charge as to the duty of the jury with respect to the different degrees of homicide. The charge, in effect, told the jury, that their duty would be fulfilled, in case they found the accused guilty, by returning a verdict for murder in the first or second degree, or for manslaughter. The evidence against the accused tended to prove that he purposely killed his wife by administering to her poison; and it tended to prove no other grade of offense. If the jury found him guilty, it was their duty to find him guilty of murder in the first degree; but if the charge was not proved he was entitled to an acquittal. The court, however, instructed the jury that they might, consistently with their duty, find him guilty of murder in the second degree, or of manslaughter.”
In this Dresback case Judge White discusses the Robbins case and holds that the error committed was the invasion of the right of the jury to determine under the evidence, there being conflicting evidence in the Robbins case of the purpose to kill, and that that invasion of the duty imposed by statute upon the jury, by the court’s instructions, was unwarranted in law and to the prejudice of the defendant’s rights.
Judge White, therefore, finds no conflict between the holdings in the Adams and Dresback cases and the Robbins case, keeping in mind the difference between the charge and the evidence in the case, particularly the latter.
*401 Probably the Lindsey case, 69 Ohio St., 215, is in large measure responsible for the present state of confusion, owing to the fact that it was one of the last expressions of the supreme court upon this question.
We come now to the consideration of Lindsey v. State, 69 Ohio St., 215. The part of the syllabus applicable is as follows:
“4. It is not error in such case for the court, in connection with proper instructions with respect to the several degrees of murder, and as to assault and battery, to charge, if the facts proven warrant it, as follows: ‘Has the state established by clear, convincing and satisfactory evidence beyond a reasonable doubt, that the defendant is guilty as charged in the indictment ot of some other degree of murder or manslaughter, or it may be assault and battery, or assault merely; otherwise your verdict should be not guilty.’ ”
The difficulty with the Lindsey case is that there is nowhere in the opinion or the syllabus any suggestion that there appeared in the record evidence, which, while it might not warrant a verdict of murder in the first degree, might warrant a verdict in the second degree, or manslaughter. True, the syllabus mildly suggests that such evidence was necessary, but the opinion nowhere discusses it.
The opinion absolutely disregards the sound, salutary doctrine of Justice Harlan, hereinbefore quoted, particularly that part which reads:
*402 “Upon a careful scrutiny of the evidence, we cannot find any ground whatever upon which the jury could properly have reached the conclusion that the defendant Hansen was only guilty of an offense included in the one charged, or of a mere attempt to commit the offense charged. A verdict of guilty of an offense less than the one charged would have been in flagrant disregard of all the proof, and in violation by the jury of their obligation to render a true verdict. There was an entire absence of evidence upon which to rest a verdict of guilty of manslaughter or of simple assault. A verdict of that kind would have been the exercise by the jury of the power to commute the punishment for an offense actually committed, and thus impose a punishment different from that prescribed by law.”
While it must be admitted that there are certain instances of loose language in some of the cases cited, especially the Robbins, the Beaudien and the Lindsey cases, supra, which taken by themselves might lead to a contrary conclusion, yet we think, taken by their four corners and dealing only with the principles vitally involved and essential to the decision finally made, that these cases in the main may be fairly reconciled with the overwhelming weight of authority, both in .federal and state decisions, in favor of the doctrine that where there is no evidence from which a reasonable inference can be drawn of any other degree than murder in the first degree it is not only not error for the court to refuse to charge upon such lesser degrees, but would be error for *403 the .court to so ch'arge; for obviously if the defendant in such case is not guilty of murder in the first degree his liberty should not be dickered away by' a. compromised verdict upon another degree which is supported by no evidence.
It has been urged that this doctrine is difficult of practical and certain application, and that trial courts in determining whether or not there was evidence tending to support a lesser degree would be involved in much confusion. Yet in all criminal cases the court must look to the' evidence as well as to the formal charge to determine what the issues are, and must then submit these issues so raised by the indictment and the evidence to the jury with proper instructions.
So far as generalizations are possible in case of murder in the first degree, it may fairly be said that in murder in the first degree where there is charged an unlawful killing, intentionally' done, with deliberate and premeditated malice, the general rule would be that the lesser degrees would not only be included in the formal charge, but suggested or supported by some of the evidence in the case, and that therefore a refusal to charge upon the lesser degrees should be the exception. Whereas, in cases of murder in the first degree, where an intentional killing was charged in the commission of some felony enumerated in the statute, there would doubtless be a more equal division as to whether or not the evidence showed any lesser degree than the one literally charged. Probably in this class of cases it might be said that the lesser degrees would be the exception.
*404 We find no error in the judgments of the court of common pleas and court of appeals, and they are therefore affirmed.

Judgments affirmed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.