Marshall, C. J.
Edward Driscoll was indicted in Crawford county upon a charge of rape, under Section 12413, General Code. The indictment alleged that the prosecuting witness Gladys Cosgrove was a female person other than the daughter or sis *34 ter of the accused and not under twelve years of age. The pertinent facts disclosed by the evidence were that on the night of November 27,1919, Gladys Cosgrove, aged seventeen years, went to a public taxicab station in Bucyrus, unaccompanied, to procure a taxicab to take her to her father’s residence a distance of about three quarters of a mile. The defendant Driscoll was employed by the taxicab company and started to take her to her father’s home, but instead of taking her directly to her home drove into the country and criminally assaulted her, accomplishing his purpose notwithstanding her continued resistance. The testimony shows the prosecuting witness to be a girl of frail physique, at that time about eighteen years of age, employed at a restaurant, where she worked in the evenings, and that she frequently employed a taxi of the same company to take her home at night. The testimony shows that in the struggle the buttons were torn from her clothing, her hat ruined, a fancy hair comb lost, her hair disheveled and her underwear saturated with blood. The defendant testified in his own behalf that the girl came to the taxi office and especially requested him to drive her home, protesting against another driver, and that shortly after starting he began to take liberties with her person and that she made no resistance other than to laughingly protest. If the testimony of the defendant should be believed it would clearly make out a case of the girl trying to vamp him, because he testifies that his advances were not only not resisted but that they were even encouraged throughout ; and, while he admits the sexual intercourse, his testimony if believed makes a clear case of consent. *35 His testimony apparently made no impression upon the jury, or the trial judge, or the court of appeals. The girl was corroborated by the testimony of her mother in all important respects, notably as to the girl telling her mother immediately on arriving home and as to her condition indicating a terrific struggle. The testimony also discloses that when arrested the following day Driscoll admitted in the presence of the prosecuting attorney and a- policeman that he had committed the crime, but made the excuse that he had been drinking. The court of common pleas rendered judgment against the accused. The court of appeals in reviewing the judgment reversed for alleged error in the charge, and particularly stated that it would refuse to disturb the judgment on the weight of the evidence. The court of appeals considered two assignments of error in the charge of the court: (a) the failure to charge that the major offense of rape includes other and lesser offenses, to-wit, assault and battery and assault; (b) the omission from the enumeration of the elements necessary to a conviction of the requisite fact that the person upon whom the rape was alleged to have been committed was a person other than the daughter or sister of the accused or female person under twelve years of age. The court of appeals refused to reverse the judgment on the ground first above mentioned for the reason that no request had been made for such an instruction, but it did reverse the judgment on the second assignment of error, notwithstanding the fact that no instruction was requested upon that point. Error has been prosecuted to this court to reverse the judgment of the court of appeals for sustaining the second assignment of error, *36 and this proceeding in error is resisted by counsel for the accused, it being claimed that the court of appeals was right in reversing upon the second assignment of error, and that the judgment of reversal should stand because the reversal was right, even though a wrong reason was assigned. We will first take up the second assignment of error to determine the correctness of the judgment of the court of appeals.
It cannot be doubted that a complete charge upon the trial of an indictment under Section 12413 should include the instruction that the jury should find that the subject of the rape was a female person other than the daughter or sister of the accused or a female person under twelve years of age. The indictment in this case alleged that Gladys Cosgrove was not the daughter or sister of the accused and that she was not a female person under twelve years of age. The testimony adduced by the state clearly proved that she was not either the daughter or sister of Edward Driscoll, and also that she was in her eighteenth year on the night when the offense was committed. The defense offered no evidence tending to disprove either of these facts. The court of appeals must have taken the same view of the testimony, because we find this statement in the opinion: “There is evidence tending to prove all of the material ingredients of the crime. We are cited by counsel for the accused to Howard v. State, 11 Ohio St., 328, in support of the proposition that Section 12413 includes three separate and distinct crimes: (1) rape of a daughter or sister (2) rape of a child under twelve years of age (3) rape of any other female.
*37 For the first two offenses the penalty is imprisonment for life, and for the third offense imprisonment for not less than three nor more than twenty years. The indictment, however, mates it very clear that the defendant was charged only with having committed the third offense above named, and that the other two offenses were by the express terms of the indictment excluded. The evidence was equally clear that neither of the first two offenses had been committed and there was evidence tending to prove all the material ingredients of the third offense, and the jury, the court of common pleas and the court of appeals so found. Upon this feature of the case the charge of the court was above criticism, except for the omission to instruct the jury that it must find that the prosecuting witness was a female person other than the daughter or sister of the accused and that she was not a female person under twelve years of age. Upon this point it is admitted that no request was made by counsel for the accused to supply the omission and it is also conceded that no testimony was tendered by the defendant tending to disprove the testimony of the state in relation thereto. The legal question is therefore presented whether such omission of the trial judge without request on the part of counsel for the accused constitutes reversible error, and whether the mere reservation of general exceptions to the charge includes “errors of law which exist in such charge” within the meaning of Section 11561, General Code. This question is not a new one, but on the contrary has been so often considered by this court that we are not justified in entering upon any extended discussion at this time, but it should be stated that the sit *38 uation is parallel to the situation in State v. McCoy, 88 Ohio St., 447. In that case, after reviewing the authorities, the court, at page 450, stated the true doctrine as follows: “Where the charge as given is free from prejudicial error but fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions requested and refused, provided the jury is not misled by the charge as given.” In that case the following cases were cited with approval: Columbus Ry. Co. v. Ritter, 67 Ohio St., 53; Schryver v. Hawks & Bierce, 22 Ohio St., 309; Smith v. P., Ft. W. & C. Ry. Co., 23 Ohio St., 10; Pretzinger v. Pretzinger, 45 Ohio St., 452; Rolling Mill Co. v. Corrigan, 46 Ohio St., 283; Adams v. State, 25 Ohio St., 584; Marietta & Cincinnati Ry. Co. v. Strader & Co., 29 Ohio St., 448; Adams v. State, 29 Ohio St., 412; P., Ft. W. & C. Ry. Co. v. Probst, 30 Ohio St., 104; Western Ins. Co. v. Tobin, 32 Ohio St., 77, and State v. Schiller, 70 Ohio St., 1.
The language of Section 11561, General Code, is so clear that it does not admit of judicial interpretation, and yet, as pointed out by Donahue, J., in the McCoy case, and by Price, J., in the case of Columbus Ry. Co. v. Ritter, supra, it is the duty of counsel in order to bring about full and complete justice to aid the court by calling attention to any omitted matters and by making specific request for further instructions, and any other rule would be a hindrance to the administration of justice.
It was also pointed out in the case of Adams v. State, 25 Ohio St., 584, at pages 587 and 588, as follows: “These rules, it is said, have their founda *39 tion in a jnst regard to the fair administration of justice, which requires that when an error is supposed to have been committed there should be an opportunity to correct it at once, before it has had any consequences; and does not permit the party to lie by, without stating the ground of his objection, and take the chances of success on the grounds on which the judge has placed the cause, and then, if he fails to succeed, avail himself of an objection which, if it had been stated, might have been removed.”
Any other rule would relieve counsel from- any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error. It should be added that the error complained of is purely technical, that it could not have prejudiced the accused, and that a full instruction on that point would not have caused the jury to reach a different verdict.
Let us now look to the first assignment of error to ascertain whether the reversal of the court of appeals was right, though based upon a wrong reason, and whether the trial court erred in failing to charge that the major offense of rape includes the lesser offenses of assault and battery and assault. This problem is in every respect similar to the problem already discussed, and the only question for determination is whether there was any evidence tending to prove the accused not guilty of rape and *40 guilty of an assault and battery or assault. It must be borne in mind that tbe accused admitted in the course of Ms own examination wMle testifying in Ms own behalf that he had had complete sexual rela*tions with the prosecuting witness, and that his only defense was that such intercourse was not only with her full and free consent, but, if his testimony is to be believed, was also by her encouragement. Consent or non-resistance in a prosecution for rape is a complete defense, just as insanity, or an alibi, would be; and, furthermore, consent would be a complete' defense to the included offenses of assault and battery and assault. The defendant’s lecherous conduct leading up to the commission of the act, during all of which time he was entertaining the criminal intent, cannot by any refinements of reasoning be separated from its complete accomplishment. The preliminary steps of the crime, which counsel for the accused contend amount to assault and battery, are just as much a part of the crime as the final stages. If defendant had failed in his criminal purpose by reason of resistance which he was unable to overcome, there would be a foundation for a charge of the included and lesser offenses of assault and battery and assault, upon request at the proper time, but under the record before us such a charge would be tantamount to an invitation to the jury to compromise with crime, and if they should yield thereto it would place them in position to exercise the executive function of commuting the punishment. The record shows, however, that upon this point, as upon the point first discussed, there was no request for a special instruction, and the analogy is further borne out by the fact that there was no issue *41 of fact for the jury’s determination. The complete intercourse was not only proven, but admitted, and if it was accomplished without consent and with force the defendant was clearly guilty of the major offense, while if it was accomplished by consent he would be guilty of no offense at all. In this view of the case the trial court was correct in not charging assault and battery and would have been justified in even refusing such instruction upon request. Defendant’s counsel have merely reserved general exceptions to the charge and have made no request for additional instructions, and the charge of the court being concededly correct, as far as its instruction went, the recoi'd does not disclose any error affecting materially the defendant’s substantial rights.
■There is still another feature of this case which is worthy of mention. The defendant’s counsel not only did not call specific attention to the several alleged omissions to charge at the time, but the record also discloses that the motion for new trial was couched in the most general terms, merely alleging errors in the charge. The court therefore had no opportunity, so far as this record shows, to correct the alleged error in passing upon the motion for new trial. Again upon filing a petition in error in the court of appeals it was only stated that there were errors in the charge of the court, without specifically calling attention to the foregoing alleged omissions.
In Section 13745, General Code, wherein provision is made for application on the part of defendant for a new trial in criminal causes, it is provided that the application can only be made upon grounds “affecting materially his substantial rights.” It is appar *42 ent therefore that the legislature intended to make it doubly certain that judgments should not be reversed upon technicalities. The modern tendency in the courts is away from technicalities toward the substance, and the farther this trend is developed the more respect the people will have for the courts. It was formerly the view of the courts that any technical error was reversible because it might have prejudiced the appellant. The modem view is that it should be shown that it probably did prejudice him before a reversal is justified. We have therefore reached the conclusion that the court of appeals erred in reversing the judgment of the court of common pleas upon the second assignment of error, and that the court of appeals committed no error in refusing to reverse the judgment of the trial court upon the first assignment of error. The judgment of the court of appeals will therefore be reversed and the judgment of the court of common pleas affirmed.

Judgment reversed.

Johnson, Hough and Wanamaker, JJ., concur.
Robinson, J., dissents.